731 So.2d 695 (1998)
Richard L. BURKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03790.
District Court of Appeal of Florida, Second District.
July 8, 1998.
*696 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant was adjudicated guilty of a total of nine sexual offenses involving two young girls. On appeal, he challenges his sentencing and his designation as a sexual predator. Because we agree with appellant as to the sentencing issues, we vacate appellant's sentences and remand for resentencing. We do not, however, find any merit in appellant's contention that the court improperly declared him to be a sexual predator. That designation is therefore affirmed.
The pertinent facts are as follows: On February 2, 1995, appellant was convicted by a jury of three counts of capital sexual battery (Counts 4 through 6) and three counts of sexual battery involving familial authority (Counts 7 through 9). On the capital sexual battery counts, appellant was sentenced to three concurrent life terms, each with a twenty-five year minimum mandatory. On the three familial authority sexual battery counts, appellant was sentenced to an upward departure sentence of three concurrent terms of twenty-five years consecutive to the capital sexual battery convictions. Oral reasons *697 for departure were announced, but no written reasons were attached or filed. On February 27, 1995, appellant appealed the three familial authority sexual battery departure sentences (Counts 7 through 9) on the grounds that no written departure reasons were attached. While the appeal was pending, on June 13, 1995, appellant entered a negotiated plea to attempted capital sexual battery (Counts 1 through 3) and was sentenced within the guidelines on those counts to fifteen years in prison.
On July 1, 1996, this court vacated the departure sentences on Counts 7 through 9 and remanded to the trial court for resentencing within the guidelines. On resentencing, however, the trial court sentenced appellant, over defense counsel's objection and in appellant's absence, to another departure sentence of twenty-five years on Counts 7 through 9, consecutive to the sentence imposed on Counts 4 through 6. Oral reasons were announced, but appellant was not present, and the reasons given were different from those announced at the initial sentencing. Over fifteen days later, the court entered written departure reasons, nunc pro tunc to February 2, 1995, the date of the original sentencing. These reasons were more similar to the reasons the court gave orally at that time. Finally, on August 30, 1996, the court, still in appellant's absence, granted the State's motion to have appellant declared a sexual predator.
Appellant raises the following issues on appeal:
(1) Whether the trial court erred when it resentenced appellant despite his absence from the proceedings;
(2) Whether the trial court erred when it departed upward on resentencing despite this court's mandate to resentence within the guidelines; and
(3) Whether the trial court erred when it designated appellant as a sexual predator fifteen months after the original sentencing.
The State concedes error on the first two points, but argues that the sexual predator designation was properly imposed.
As to appellant's first issue, which is the trial court's alleged error in resentencing appellant in his absence, the State concedes error, and we agree. See Griffin v. State, 517 So.2d 669 (Fla.1987). The resentencing that this court ordered the trial court to conduct could not be accomplished by simply excising the improper portion of the sentence; it required additional consideration. See Cox v. State, 557 So.2d 674 (Fla. 2d DCA 1990). Accordingly, appellant must be resentenced again, and this time appellant must be present.
In appellant's second issue, which is the court's alleged error in sentencing appellant to an upward departure, the State again concedes error, and we agree. The trial court was directed by this court to resentence appellant within the guidelines but, instead, imposed another departure sentence. This was error. See Patten v. State, 531 So.2d 203 (Fla. 2d DCA 1988). For this error, also, appellant must be resentenced.
Third, appellant argues that the court erred in declaring him to be a sexual predator. It is appellant's position that, due to the timing of his offenses, the Sexual Predator Act does not apply to him and, even if it did, it would violate certain other of his rights. We find no merit in appellant's arguments and conclude that the sexual predator designation was properly applied to appellant.
In attacking his sexual predator designation, appellant first challenges the applicability of the Sexual Predator Act to his offenses. He contends that, at the time of his resentencing, which is when the court declared him to be a sexual predator, the sexual predator designation could only be made as to Counts 1 through 3 due to the effective dates of the applicable statutes and the timing of appellant's offenses. Appellant maintains, however, that those counts were not then before the court because *698 the court was resentencing appellant on Counts 7 through 9 only, which, appellant contends, were not subject to the sexual predator statutes because those statutes were not effective at the time appellant committed the offenses in Counts 7 through 9. While appellant is correct that the court had only Counts 7 through 9 before it for resentencing and that the sexual predator designation could have been applied to appellant via Counts 1 through 3, he is not correct that the sexual predator designation could only be applied to appellant via Counts 1 through 3. The court could, and did, correctly apply the sexual predator designation to appellant via Counts 7 through 9.
The sexual predator designation was created by the Florida Sexual Predators Act (§ 775.21-.23, Fla.Stat.(1993)). That Act was amended in 1995 (§ 775.225, Fla. Stat.(1995)), and again in 1996 (§ 775.21, Fla.Stat.(Supp.1996)). The 1993 Act and the 1996 amendments are relevant here. The 1993 Act was effective October 1, 1993, and provides that, in order to declare a plaintiff to be a sexual predator, the current offense must have been committed on or after October 1, 1993. The 1996 Act was effective July 1, 1996, and specifies that, while it may operate retrospectively, the offenses must have occurred between October 1, 1993, and October 1, 1995. The information in this case alleges that Counts 7 through 9, which were the only counts before the court when it declared appellant to be a sexual predator, were committed between February 2, 1993, and April 30, 1994. Thus, of the almost fifteen-month time period during which the offenses allegedly occurred, seven months, from October 1, 1993, through April 30, 1994, were within the applicable time period of both the 1993 Act and the 1996 Act. We believe that this was sufficient to declare appellant a sexual predator under either of those Acts. See Winokur v. State, 605 So.2d 100 (Fla. 4th DCA 1992) (finding that 9-month period outside statute where information alleged 4½-year period not prejudicial).
Appellant also makes a double jeopardy argument. We rejected a similar claim in Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998), concluding that the sexual predator registration requirements were not so punitive as to negate the legislature's clear nonpunitive intent. Collie concluded that the statute posed no double jeopardy claim.
Appellant next contends that the sexual predator designation violated appellant's plea agreement. However, under both Collie and Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996), the sexual predator designation is a collateral consequence of a plea and need not be orally pronounced. Moreover, appellant had notice of the possibility of sexual predator designation since the statute was published at the time he committed the offenses. See Collie. We find no error here. The ex post facto argument raised here was also rejected in Collie.
Finally, although appellant complains that the sexual predator finding should be vacated because he was not present at the resentencing, since a sexual predator finding is not considered a sentence, appellant's absence at the hearing where that designation was made was not reversible error. See Collie.
We conclude that appellant's sentence must be reversed and remanded for resentencing within the guidelines and that the sexual predator designation was proper and is affirmed. Appellant must be present at his resentencing.
FRANK and GREEN, JJ., concur.