742 So.2d 464 (1999)
Bertram OCE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1222.
District Court of Appeal of Florida, Third District.
September 22, 1999.
Motion to Certify Questions Denied October 27, 1999.
*465 John H. Lipinski, Hollywood, for appellant.
Robert A. Butterworth, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before NESBITT, FLETCHER, and SHEVIN, JJ.
NESBITT, J.
Bertram Patrick Oce appeals the denial of his 3.850 motion to have his plea set aside. He asserts the trial court and his counsel failed to inform him of the consequences of a designation as a sexual predator under section 775.21, Florida Statutes (Supp.1996). We affirm the order denying relief.
Oce was charged with kidnaping with a weapon, sexual battery with a deadly weapon or force, burglary with an assault or battery while armed, burglary with an assault, robbery, false imprisonment, aggravated stalking, and two counts of battery.[1] At trial, Oce pleaded nolo contendere, and pursuant to that plea, Oce was adjudicated guilty of the offenses charged. Section 775.21(5)(a)2 provides in part:
When the court makes a written finding that an offender is a sexual predator, the court shall inform the sexual predator of the registration and community and public notification requirements described in this section.
Oce argues that his counsel and the trial court's failure to inform him of the registration and community and public notification requirements of his designation as a sexual predator entitles him to 3.850 relief. This court as well as our sister courts have on a number of occasions concluded that the consequences of being designated a sexual predator are collateral consequences. See Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996)(held that the provisions of sections 775.21-.23, Florida Statutes (1993), were a "collateral consequence of the plea which was not required to be covered in the plea colloquy"); see also LaMonica v. State, 732 So.2d 1175 (Fla. 4th DCA 1999); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998)(concluding sexual predator designation was a collateral consequence of the guilty plea); State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995)(concluding a trial judge is required to inform a defendant only of the direct consequences of his plea). Post Benitez, the legislature added the provision of section 775.21 at issue, See Laws 1996, c. 96-388, § 61, eff. July 1, 1996, which requires the trial judge to inform the sexual predator of the registration and community and public notification requirements. This, however, does not change the character of the consequences of that designation, which are still clearly collateral.
On this basis, we conclude that the trial court's error in not complying with section 775.21(5) should have been brought to the trial court's attention by an objection in order to preserve the issue for appellate review. See D'Oleo-Valdez v. State, 531 So.2d 1347 (Fla.1988)(for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review *466 and equivalent to a denial of due process); Ray v. State, 403 So.2d 956 (Fla. 1981)(same).
Likewise we find that the trial court's denial of Oce's motion to vacate his plea due to ineffective counsel was proper. A convicted defendant claiming that counsel's assistance was so defective as to require reversal of a conviction must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
For the deficient performance element, it is simply not enough, as Oce alleges, that had he been appraised of the consequences of the designation he accepted as part of his plea agreement he would have chosen to proceed with trial. The standard enunciated in Strickland requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 668, 104 S.Ct. 2052.
In the instant case, where Oce faced the prospect of decades in prison, the trial court found that Oce's claim that had he known the consequences of being designated a sexual predator he would have chosen a trial over the de minimis sentence offered was simply beyond belief. In light of all the circumstances, we conclude that the identified act or omission in this case was inside the wide range of professionally competent assistance.
Likewise, with respect to the prejudice component, the defendant's claim also fails. "[A] plea can only be vacated upon a showing of prejudice or manifest injustice." State v. Evans, 705 So.2d 631, 632 (Fla. 3rd DCA 1998). The defendant admitted a factual basis for the offenses during the plea colloquy and there has been no claim of innocence in conjunction with the motion to vacate the plea. Under such circumstances, there is no manifest injustice or prejudice.[2] Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. Here there is a double failure. Therefore, any deficiencies in counsel's assistance do not rise to the required level for reversal. We find Oce's remaining claims are likewise without merit.
Accordingly, we affirm the order under review.
NOTES
[1] On February 13, 1997, Oce pulled open the car door of the victim, M.G., and punched her in the left side of the face with a closed fist. He demanded money and she wrote him a check. At that point she got out of her vehicle and he forced her up a flight of stairs, grabbing her by the arm. Once inside her apartment, Oce held a knife to her throat and at times choked M.G. around the neck. Armed with a knife, Oce forced her to have intercourse with him against her will.
[2] State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999) brought to our attention by the State, in no way conflicts with our analysis. The statute at issue in Wiita was retroactive in nature and was enacted subsequent to the defendant's plea agreement. The Fourth District held that under the particular facts in Wiita resulting in his plea agreement, such as the defendant's express wishes to avoid publicity for himself and his family, application of the retroactive statute was manifestly unjust.