764 So.2d 739 (2000)
Robert PEARMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1555.
District Court of Appeal of Florida, Fourth District.
July 5, 2000.
Rehearing Denied August 15, 2000.
*740 Robert Pearman, Perry, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the order denying appellant's motion for post-conviction relief.
In 1995, appellant entered guilty pleas to charges of sexual activity with a child and sexual battery with force or injury. He was sentenced on August 24, 1995 to eight years in prison followed by eight years of probation. There was no direct appeal.
On March 11, 1999, the trial court issued an order finding appellant to be a sexual predator pursuant to section 775.21(4)(a), Florida Statutes (1999).[1] On August 20, 1999, appellant filed the instant pro se motion to vacate judgment and sentence pursuant to Florida Rule of Criminal Procedure 3.850. The sole ground for relief was that his original plea was not entered knowingly and voluntarily, in that the Legislature enacted section 916.31, Florida Statutes (1999), effective January 1, 1999,[2] providing for the involuntary commitment of those convicted of certain sexual crimes. Appellant argued that had he been aware of the new statute at the time of his plea, he would not have entered it and would have insisted on his right to a trial by jury. To support his motion, appellant cited State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999).
The trial court summarily denied appellant's motion on April 12, 2000, noting that it had reviewed and accepted the state's response. The state's response essentially conceded that this case fell under the exception to the two-year time limitation found at Rule 3.850(b)(1), which applies *741 when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence," but asserted that the motion should be denied on the merits.
Before accepting a guilty or nolo contendre plea, the trial court is required to determine that the plea is voluntarily entered. See Fla. R.Crim. P. 3.172(a). Ordinarily, the trial court should place the defendant under oath and determine that the defendant understands, among other things, the nature of the charge, any mandatory minimum penalty, and the maximum possible penalty. See Fla. R.Crim. P. 3.172(c)(1).
However, in determining that a defendant understands the consequences of his plea, the judge is not required to inform a defendant of the collateral consequences of his plea, but only of the direct consequences of it. See, e.g., State v. Fox, 659 So.2d 1324, 1327 (Fla. 3d DCA 1995). The determination of whether a consequence of a plea is direct or collateral "`turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982) (quoting Cuthrell v. Director, Patuxent Institution, 475 F.2d 1364, 1366 (4th Cir.1973) (holding that enhancement of sentence after violation of probation was collateral rather than direct consequence of plea)).
We agree with the state that the effects of the Jimmy Ryce Act on appellant are collateral consequences of the plea. See People v. Moore, 69 Cal.App.4th 626, 81 Cal.Rptr.2d 658 (1998) (holding any commitment defendant might suffer under the sexual violent predator act would not be a direct consequence of his plea). Florida courts have come to this conclusion when considering motions to withdraw pleas based on subsequently enacted laws concerning the designation of sexually violent predators. See generally LaMonica v. State, 732 So.2d 1175 (Fla. 4th DCA 1999); Oce v. State, 742 So.2d 464 (Fla. 3d DCA 1999), cause dismissed, No. SC99-50, 763 So.2d 1044 (Fla. May 9, 2000); Collie v. State, 710 So.2d 1000, 1008 (Fla. 2d DCA), rev. denied, 722 So.2d 192 (Fla. 1998), and cert. denied, 525 U.S. 1058, 119 S.Ct. 624, 142 L.Ed.2d 563 (1998); Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996).
Wiita is distinguishable on its facts. Wiita bargained for anonymity; he was promised that if he successfully completed his probation, his adjudication would be withheld and his file would be sealed. He was told that the charges would be completely wiped off his record. See 744 So.2d at 1233-34. This court held that the trial court did not abuse its discretion when it granted Wiita's sworn motion to vacate, as justice and fairness supported the withdrawal of the plea in that case, where the defendant had entered the plea to avoid publicity, and then had publicity thrust upon him. See id. at 1235.
KLEIN, STEVENSON and GROSS, JJ., concur.
NOTES
[1] Section 775.21(4)(a), Florida Statutes (1999), applies to offenses committed on or after October 1, 1993, and before October 1, 1995. That subsection provides that an offender who is found to be a sexual predator must register as such in accordance with subsection 775.21(6) and is subject to community and public notification requirements in accordance with subsection 775.21(7).
[2] The "Jimmy Ryce Act," now appearing at section 394.910-394.931, Florida Statutes (1999).