764 So.2d 886 (2000)
STATE of Florida, Appellant,
v.
Robert STAPLETON, Appellee.
No. 4D99-1851.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellant.
*887 Donnie Murrell, West Palm Beach, for appellee.
James T. Miller, Jacksonville, for Amicus Curiae-Florida Association of Criminal Defense Lawyers.
PER CURIAM.
The state appeals an order granting Robert Stapleton's motion to vacate his 1999 plea to lewd assault. We treat this appeal as a petition for writ of certiorari, and deny relief. See, e.g., State v. Pettis, 520 So.2d 250 (Fla.1988).
On January 4, 1999, Stapleton pled guilty to one count of lewd assault. Pursuant to the terms of the negotiated plea, Stapleton was sentenced to four years in prison. Within thirty days, Stapleton moved to withdraw his plea.
Stapleton alleged he was not informed that as a convicted sexual offender, he would have to report to the Florida Department of Law Enforcement, as outlined in section 943.0435. As an additional basis to withdraw his plea, Stapleton argued that he was not advised of the "Jimmy Ryce Act," Florida Statutes 394.910.931, which went into effect on January 1, 1999, three days before his plea.
At the evidentiary hearing, it was undisputed that Stapleton was not informed of the registration requirement of section 943.0435, nor of the Jimmy Ryce provisions, which took effect three days before the plea. Stapleton testified at the hearing that he would not have entered the plea if he had known about the reporting requirement of section 943.0435 or of the Jimmy Ryce Act with its potential exposure to indefinite commitment for treatment following his prison sentence. The state's position is that both are collateral consequences of the plea and therefore, are not a valid basis to set aside a plea.
Rejecting the state's argument, the trial court granted Stapleton's motion noting that it was undisputed Stapleton was not informed of either the Jimmy Ryce Act or the reporting requirement, that he testified he would not have entered the plea with such knowledge, and that there was a lack of prejudice to the state.
Subsequent to the trial court's ruling, this court in Pearman v. State, 764 So.2d 739 (Fla. 4th DCA July 5, 2000), agreed with the state that the effects of the Jimmy Ryce Act are collateral consequences of his plea. Id. (citing People v. Moore, 69 Cal.App.4th 626, 81 Cal.Rptr.2d 658 (1998)). This court equated the collateral nature of Jimmy Ryce consequences to that of laws concerning the designation of sexually violent predators. The reasoning is that neither represents a "definite, immediate and largely automatic effect on the range of the defendant's punishment." Pearman, 764 So.2d at 741 (citing Zambuto v. State, 413 So.2d 461, 462 (Fla. 4th DCA 1982)).
There is agreement among the Florida district courts of appeal that the reporting consequences associated with the plea are collateral and cannot support withdrawal of the plea. See Simmons v. State, 753 So.2d 762 (Fla. 4th DCA 2000); Oce v. State, 742 So.2d 464 (Fla. 3d DCA 1999); LaMonica v. State, 732 So.2d 1175 (Fla. 4th DCA 1999). But see State v. Wiita, 744 So.2d 1232 (Fla. 4th DCA 1999)(affirming trial court's order as Witta entered plea to avoid publicity, and thus justice and fairness supported the withdrawal of Witta's plea).
While we agree with the state that both the Jimmy Ryce Act and the reporting requirements are generally collateral consequences of a plea, in this case the trial court properly vacated the plea. On one hand, Pearman supports the state's position that both the sexual predator reporting laws and the Jimmy Ryce consequences associated with a plea are collateral such that the trial court need not inform a defendant of either before accepting a plea as voluntary. On the other hand, and of import to our decision affirming the order vacating Stapleton's *888 plea, are two factors which distinguish this case from Pearman.
First, Stapleton filed his motion within thirty days of his sentence in accordance with Florida Rule of Criminal Procedure 3.170(l). Accordingly, his challenge was not a collateral attack on the conviction. Padgett v. State, 743 So.2d 70 (Fla. 4th DCA 1999). Pearman on the other hand had moved years after his sentencing to withdraw his 1995 plea as involuntary. Second, at the time Stapleton entered his plea, the Jimmy Ryce Act and section 943.0435 were already in effect, the opposite being the situation in Pearman.
We agree with the trial court's finding of lack of prejudice to the state and its conclusion that Stapleton should have been advised of the known consequences of his plea at the time of the taking of the plea. Accordingly, the petition is denied and Stapleton may proceed to trial.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.