RAMIREZ, Judge
(concurring).
I concur. Jose Acosta was charged in 1992 with one count of sexual battery on a minor less than twelve years old and one count of lewd and lascivious behavior with the same victim. The state and Acosta ultimately reached a plea agreement by which he was sentenced to fifteen years in state prison followed by ten years probation. As a special condition of probation, Acosta was to “enter, actively participate in and successfully complete a Mentally Disordered Sexual Offender Treatment Program.”
After Acosta completed his period of incarceration, the state filed a petition for involuntary commitment to a treatment center under control of the Department of Children and Families, pursuant to section 916.31, Florida Statutes (Supp.1998) (the “Jimmy Ryce Act,” now appearing at sections 394.910-394.931, Florida Statutes (1999)). Acosta now complains that the state has reneged on its plea agreement and, through this petition for certiorari, seeks specifically to enforce that agreement.
By couching his petition as a means to enforce a plea agreement Acosta seeks to distinguish his case from a contrary case in Pearman v. State, 764 So.2d 739 (Fla. 4th DCA 2000), in which a defendant sought to vacate a plea as involuntary when the state filed a similar post-incarceration involuntary commitment petition. The court in Pearman held that “the effects of the Jimmy Ryce Act on [Pearman] are collateral consequenee[s] of the plea” and therefore denied his motion for post-conviction relief.
In this case, the circuit court denied Acosta’s motion to enforce the plea agreement, stating that his post-incarceration commitment under the Jimmy Ryce Act was a civil action rather than a criminal action.
Acosta argues that a plea agreement may be violated by bringing a civil suit and cites In re Arnett, 804 F.2d 1200 (11th Cir.1986) in support of his argument. The Arnett court held that a plea agreement to forfeit $3000 prohibited the government from subsequently bringing a forfeiture suit for the defendant’s house and farm. The court makes clear, however, that the “forfeiture provision was a significant factor in Arnett’s decision to accept the plea agreement.” Acosta cannot make this same argument because he entered his plea more than six years before the enactment of the Jimmy Ryce legislation. Thus, Acosta’s possible post-incarceration civil commitment could not have been within the contemplation of the parties to the plea agreement and was therefore not something the parties could have negotiated. Had the state entered into this agreement after 1998, I would have to agree with Acosta’s argument. But, in this case, Acosta cannot rely on a contingency that neither party contemplated at the time of execution of their agreement.