780 So.2d 294 (2001)
Michael Steven NELSON,
v.
STATE of Florida, Appellee.
No. 1D00-1437.
District Court of Appeal of Florida, First District.
March 19, 2001.
Ross A. Keene of Beroset & Keene, Pensacola, for Appellant.
Robert A. Butterworth, Attorney General, Laura M. Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The issue before us is whether a trial court erred in disallowing a defendant from withdrawing a plea, pursuant to Florida Rule of Criminal Procedure 3.170(l), because neither the trial court nor defense counsel informed him that upon conviction, he would be designated a "sexual predator" or "sexual offender" under section 775.021 or 943.0435, Florida Statutes (1999).[1] Appellant's theory is that imposition *295 of such provisions rendered the plea involuntary. We affirm the denial and agree with the lower court that the reporting requirements under these provisions are collateral consequences that are not compelled to be disclosed to the defendant before the acceptance of his plea.
Appellant, Michael Nelson, first claims he should have been informed of both the registration requirement and that his driver's license would reveal the classification. We are in accord with other appellate districts which hold that a defendant need not be informed of these designations before entering a plea, because they are collateral, rather than direct, consequences resulting from his convictions of certain sexual offenses. See, e.g., Donovan v. State, 773 So.2d 1264 (Fla. 5th DCA 2000); Pearman v. State, 764 So.2d 739 (Fla. 4th DCA 2000); Oce v. State, 742 So.2d 464 (Fla. 3d DCA 1999), cause dismissed, 763 So.2d 1044 (Fla. 2000); LaMonica v. State, 732 So.2d 1175 (Fla. 4th DCA 1999); Burkett v. State, 731 So.2d 695 (Fla. 2d DCA 1998); Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998); Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996).
In a factually similar case, State v. Stapleton, 764 So.2d 886 (Fla. 4th DCA 2000), the trial court granted the defendant's motion to withdraw his guilty plea to lewd assault, because he had not been informed that he would have to register as a sexual offender under section 943.0435, or that he was subject to commitment for treatment following his prison sentence under the Jimmy Ryce Act, sections 394.910 through 394.931, Florida Statutes (1999). The Fourth District acknowledged that the application of these provisions was a collateral consequence of the plea, yet affirmed the trial court's discretion to determine that Stapleton should have been advised of them.
In our case, the trial court exercised its discretion by denying Nelson's motion. The Second District has pointed out that publication of the sexual-predator or sexual-offender reporting statutes provides a defendant with sufficient notice of the consequences of a conviction. See Collie, 710 So.2d at 1008; Burkett, 731 So.2d at 698. Because Nelson did not allege any affirmative misrepresentation, but only the failure to advise him of a collateral consequence, we conclude that the trial court's denial of Nelson's motion to withdraw his plea did not result in manifest injustice. See Lopez v. State, 536 So.2d 226 (Fla. 1988).
Nelson also claims he should have been informed of the prohibition against being within 1,000 feet of a school or place where children congregate. We find no such prohibition in the Florida Statutes. Nelson did agree in the plea agreement to comply with the standard conditions of probation found in section 948.03(5), Florida Statutes, which includes provisions prohibiting him from living or having unsupervised contact with minors within 1,000 feet of places where children congregate, or from working in such environments. Subject to this clarification, by specifically agreeing to these conditions of probation in his plea agreement, Nelson waived any objection thereto. See Allen v. State, 642 So.2d 815 (Fla. 1st DCA 1994); Garcia v. State, 722 So.2d 905 (Fla. 3d DCA 1998).
AFFIRMED.
ERVIN, WEBSTER and LEWIS, JJ., concur.
NOTES
[1] The parties never clarify which reporting statute applies to Nelson. Our review of the provisions leads us to conclude that Nelson is required to be designated a sexual offender under section 943.0435, rather than sexual predator under section 775.021, because the terms of the latter do not apply to his convictions.