828 So.2d 1051 (2002)
Donald GENTES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4090.
District Court of Appeal of Florida, First District.
October 16, 2002.
Nancy A. Daniels, Public Defender, and Robert S. Friedman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Following the precedent set by this court in Harris v. State, 27 Fla. L. Weekly D946, ___ So.2d ___, 2002 WL 731699 (Fla. 1st DCA Apr.26, 2002), on mots. for reh'g and reh'g en banc (Oct. 4, 2002), we reverse and remand the judgment of the circuit court for further proceedings, as in Harris. We also certify as matters of great public importance the questions certified *1052 in Harris.[*] We do, however, note several matters that might be significant in the event of further review of this case.
First, the Harris holding may not be in concert with the apparent consensus of other states finding civil commitment of sexually violent predators, under similar state laws, does not violate the terms of a plea agreement. See, e.g., In re Bailey, 317 Ill.App.3d 1072, 251 Ill.Dec. 575, 740 N.E.2d 1146 (2000) (finding a sexually violent predator proceeding is civil, not criminal and does not subject respondent to greater punishment, therefore it does not violate the plea agreement); In re Detention of Campbell, 139 Wash.2d 341, 986 P.2d 771(1999)(en banc), cert. denied, 531 U.S. 1125, 121 S.Ct. 880, 148 L.Ed.2d 789 (2001) (explaining that because civil commitment is not criminal punishment, it was not a foregone conclusion that respondent would be civilly committed, thus commitment, like sex offender registration, is a collateral consequence of pleading guilty and does not violate the plea agreement); Matter of Hay, 263 Kan. 822, 953 P.2d 666 (1998) (finding the "plea agreement is immaterial as far as proceedings under the Act are concerned" where the commitment is based on a defendant's mental ailment and present dangerousness); People v. Moore, 69 Cal.App.4th 626, 81 Cal.Rptr.2d 658 (1998) (holding any commitment defendant might suffer under the sexual violent predator act would not be a direct consequence of his plea); In re Kunshier, 521 N.W.2d 880 (Minn.Ct.App.1994) (finding that county did not violate plea agreement by invoking civil commitment statute against patient because it is not criminal punishment but civil treatment).
In addition to the decisions of other states, our sister court has previously held that subsequent designation as a sexual violent predator under Florida law does not violate a plea agreement. See Collie v. State, 710 So.2d 1000 (Fla. 2d DCA 1998). "[D]esignating an offender to be a sexual predator after he or she has entered a plea bargain does not constitute a breach of contract because the sexual predator designation is not a form of punishment." Id. at 1008 (emphasis added). The Second District reasoned that the object of a plea bargain is punishment, while sexual predator designation serves remedial purposes, hence the object of the plea bargain remains unchanged by a subsequent sexually violent predator designation. See id.
Second, the Harris majority recognizes, but is not deterred by, authority holding civil commitment of a sexually violent predator under the Jimmy Ryce Act to be a collateral consequence of the plea agreement. See, e.g., Nelson v. State, 780 So.2d 294 (Fla. 1st DCA 2001); Pearman v. State, 764 So.2d 739 (Fla. 4th DCA 2000); Oce v. State, 742 So.2d 464 (Fla. 3d DCA 1999); Burkett v. State, 731 So.2d 695 (Fla. 2d DCA 1998); Benitez v. State, 667 So.2d *1053 476 (Fla. 3d DCA 1996); see also Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997) (finding it is a legitimate non-punitive state objective to take measures to restrict the freedom of the dangerously mentally ill while treating them for this illness); Murray v. Kearney, 770 So.2d 273 (Fla. 4th DCA 2000) (finding that similar to a Baker Act commitment, a Ryce Act commitment is not part of the criminal sentence); cf. Westerheide v. State, 767 So.2d 637 (Fla. 5th DCA 2000) review granted, 786 So.2d 1192 (Fla.2001) (conducting a detailed analysis of the Ryce Act and finding that the Act is civil in nature because confinement is for treatment and not punishment); but see Partlow v. State, 813 So.2d 999 (Fla. 4th DCA 2002) (allowing withdrawal of plea based on failure to inform defendant of sexual offender registration requirement). Those cases holding that civil commitment is not part of the criminal sentence appear persuasive on the present issue.
Third, of the questions certified by Harris, only the two certified in the opinion on motions for rehearing and rehearing in banc need be considered. The certified question in the original Harris opinion jumps over the central issue in the case by assuming the plea agreement was breached when the State sought civil commitment. Therefore, that first question may not actually state the real issue in these casesWhether discretionary civil commitment proceedings under the Ryce Act are somehow barred by a plea agreement for prison time followed by probation.
REVERSED and REMANDED; QUESTIONS CERTIFIED.
KAHN, WEBSTER, and DAVIS, JJ., concur.
NOTES
[*] MAY THE STATE INITIATE DISCRETIONARY CIVIL COMMITMENT PROCEEDINGS UNDER THE RYCE ACT (PART V OF CHAPTER 394, FLORIDA STATUTES) WHERE, BY SEEKING CIVIL COMMITMENT, THE STATE WOULD VIOLATE THE TERMS OF A PLEA AGREEMENT PREVIOUSLY ENTERED INTO WITH THE DEFENDANT?

Harris, 27 Fla. L. Weekly at D948, ___ So.2d at___.
IS A PLEA AGREEMENT FOR PRISON TIME FOLLOWED BY PROBATION VIOLATED WHEN THE STATE LATER INITIATES DISCRETIONARY CIVIL COMMITMENT PROCEEDINGS UNDER THE JIMMY RYCE ACT (PART V OF CHAPTER 394, FLORIDA STATUTES)?
IN THE CIRCUMSTANCES DESCRIBED IN THE FIRST QUESTION, IS THE STATE BARRED BY EQUITABLE ESTOPPEL FROM SEEKING CIVIL COMMITMENT?
Harris v. State, Case Nos. 1D00-3755/1D00-4749, ___ So.2d ___, 2002 WL 731699 on mots. for reh'g and reh'g en banc (Fla. 1st DCA Oct. 4, 2002).