840 So.2d 1040 (2003)
STATE of Florida, Petitioner,
v.
Edward Thomas PARTLOW, Respondent.
No. SC02-713.
Supreme Court of Florida.
February 20, 2003.
*1041 Charles J. Crist, Jr., Attorney General, Celia Terenzio, Bureau Chief, and Maria J. Patullo, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Kathleen Cooper Grilli, Hollywood, FL, for Respondent.
PER CURIAM.
We review Partlow v. State, 813 So.2d 999 (Fla. 4th DCA 2002), which certified conflict with Nelson v. State, 780 So.2d 294 (Fla. 1st DCA 2001). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. The issue is whether, after being sentenced for a sexual offense pursuant to a plea of guilty or nolo contendere, a defendant may withdraw his plea as involuntary because he was not informed of the sexual offender registration requirement. The Fourth District Court of Appeal held below that the defendant's ignorance of this consequence rendered his plea involuntary, and therefore he must be allowed to withdraw his plea. 813 So.2d at 999-1000. For the reasons expressed below, we hold that the sexual offender registration requirement is a collateral consequence of the plea, and therefore failure to inform the defendant of that requirement before he entered the plea does not render his plea involuntary.
Partlow entered a "best interests" guilty plea to eight counts of the first-degree felony of sexual battery on a person within his familial or custodial authority (§ 794.011(8), Fla. Stat. (1997)) and one count of indecent assault (§ 800.04(1), Fla. Stat. (1997)). The court accepted the plea and sentenced Partlow as an habitual offender to concurrent terms of fifteen years *1042 in prison followed by ten years of sexual offender probation. About twenty days later, he filed a motion to withdraw his plea on the ground that it was involuntary because he was not properly advised of the consequences of entering a plea. At the hearing, Partlow testified that had he known he would have to register as a sex offender, see § 943.0435, Fla. Stat. (1997) (defining "sexual offender" and imposing sexual offender registration requirements), he would not have entered his plea. The trial court denied his motion. On appeal, the Fourth District reversed. Citing Florida Rule of Criminal Procedure 3.170(f), the court held that the trial court should have advised Partlow of the "known consequences" of his plea and directed the trial court to allow him to withdraw his plea. Partlow, 813 So.2d at 999-1000.
Florida Rule of Criminal Procedure 3.170 governs the circumstances under which a defendant may withdraw a plea. Subdivision (f) of that rule states that a "court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn." Fla. R.Crim. P. 3.170(f) (emphasis added). Under this provision, a trial court plainly has broad discretion in determining motions to withdraw a plea. See Graham v. State, 779 So.2d 604, 605 (Fla. 2d DCA 2001); Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). Here, however, Partlow sought to withdraw his plea after his sentence. Therefore, rule 3.170(f) does not apply.
Rule 3.170(l) applies to motions to withdraw filed after sentencing. In contrast to subdivision (f), this provision allows withdrawal of a plea only on the limited grounds listed in Florida Rule of Appellate Procedure 9.140(b). Such grounds include lack of subject matter jurisdiction, violation of the plea agreement, and involuntariness of the plea.[1] Moreover, once sentence has been imposed, to withdraw a plea a defendant must demonstrate a manifest injustice requiring correction. See Lopez v. State, 536 So.2d 226, 229 (Fla.1988). Because Partlow filed his motion after sentencing, subdivision (l), not subdivision (f), of rule 3.170 applies. Therefore, to obtain permission to withdraw his plea, Partlow had to show that failure to inform him of the sexual offender registration requirement rendered his plea involuntary.
The Fourth District held that the sexual offender registration requirement is a "known consequence" of the defendant's plea, of which he had to be informed. That a consequence is "known," however, does not mean a defendant must be informed of it to render the plea voluntary. In State v. Ginebra, 511 So.2d 960, 961 (Fla.1987), we held that a trial court judge is under no duty to inform a defendant of the collateral consequences of his guilty plea. A defendant must only be made aware of the direct consequences of the pleai.e., those having a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." Major v. State, 814 So.2d 424, 428, 431 (Fla.2002) (differentiating between collateral and direct consequences). The voluntariness of a plea depends on whether the defendant is aware of the direct consequences of the plea and those consequences listed in Florida Rule of Criminal Procedure 3.172(c).[2]Id.; see Ginebra, 511 *1043 So.2d at 962 ("We note that there are numerous other collateral consequences of which a defendant does not have to be knowledgeable before his plea is considered knowing and voluntary."). The district courts of appeal, including the Fourth District in this case, agree that the statutory sexual offender and sexual predator reporting and registration requirements are collateral consequences of a plea. See Partlow, 813 So.2d at 1000; Nelson, 780 So.2d at 295 (stating this conclusion and listing cases from the other district courts); State v. Stapleton, 764 So.2d 886, 887 (Fla. 4th DCA 2000) (same), review denied, 804 So.2d 330 (Fla.2001).
We agree with the district courts that the sexual offender registration requirement is a collateral consequence of the plea.[3] A direct consequence must affect the range of punishment in a definite, immediate, and largely automatic way. The registration requirement has absolutely no effect on the "range of the defendant's punishment" for the crime to which Partlow entered a plea. Because the requirement to register is not punishment at all, and therefore cannot affect the range of the defendant's punishment, it is merely a collateral consequence of the plea. See § 943.0435(12), Fla. Stat. (2002) (stating that sexual offender designation "is not a sentence or a punishment but is simply the status of the offender"). Although a defendant's later failure to register as a sexual offender constitutes a third degree felony, see § 943.0435(9), Fla. Stat., such consequences flow from a violation of that statute, not the one for which he entered a plea. The fact remains that the defendant faces no further punishment for this crime simply because the law imposes other duties as a result.
Based on the collateral nature of the sexual offender registration requirement, the First District Court of Appeal correctly concluded in Nelson that the defendant failed to establish a manifest injustice requiring withdrawal of the plea. 780 So.2d at 295. In contrast, although the Fourth District acknowledged in this case that the sexual offender registration requirement is a collateral consequence, it nevertheless found that Partlow's ignorance of this collateral matter rendered his plea involuntary. Partlow, 813 So.2d at 1000. As we explained above, however, failure to inform a defendant about a collateral consequenceone that does not have a definite, immediate, and largely automatic effect on the range of the defendant's punishmentcannot render the plea involuntary. In Ginebra, for example, we addressed a claim that defense counsel failed to inform the defendant of the possibility of his deportation upon entry of his plea. 511 So.2d at 960. Although we recognized that deportation may be a severe consequence, we held that because the possibility of deportation was collateral, defense counsel was not ineffective for failing to advise his client about it. Id. at 961-62. Rule 3.172(c) was later amended to require that defendants be informed of such a consequence. See State v. DeAbreu, 613 So.2d 453 (Fla.1993) (dismissing review and noting that rule change superseded Ginebra). This rule amendment, however, did not invalidate the reasoning in Ginebra. See Major, 814 So.2d at 428 (noting amendment of rule 3.172(c), but expressly affirming that Ginebra correctly states the law regarding failure to advise of collateral consequences). See also Watrous v. State, 793 So.2d 6, 9-10 (Fla. 2d DCA 2001) (holding that the potential civil commitment as a sexually violent predator *1044 under the Jimmy Ryce Act, §§ 394.910.931, Florida Statutes (2000), is a collateral consequence, but urging that rule 3.172(c) be amended to require advising defendants of it). The Fourth District erred by equating the failure to inform a defendant of a collateral consequence, which does not affect the voluntariness of a plea, with the failure to inform a defendant of a direct consequence, which does.
In conclusion, to obtain relief through a motion to withdraw a plea after sentencing under rule 3.170(l), a defendant must demonstrate a manifest injustice, such as involuntariness of the plea. See Fla. R.Crim. P. 3.170(l); Fla. R.App. P. 9.140(b). A claim that a defendant was not informed of a collateral consequence, however, is insufficient to render a plea involuntary. Accordingly, we approve Nelson and quash the decision of the Fourth District in Partlow.
It is so ordered.
WELLS, LEWIS, QUINCE and CANTERO, JJ., concur.
CANTERO, J., concurs with an opinion.
PARIENTE, J., dissents with an opinion, in which ANSTEAD, C.J., and SHAW, Senior Justice, concur.
CANTERO, J., concurring.
I fully concur in the majority opinion. I write only to address an inherent arbitrariness with the application of Florida Rule of Criminal Procedure 3.170, which governs the withdrawal of guilty pleas, as currently written. Under paragraph (f) of the rule, which applies to motions to withdraw pleas filed before sentencing, a "court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn." Fla. R.Crim. P. 3.170(f) (emphasis added). This rule is construed liberally in favor of the defendant because the law favors trial on the merits. Graham v. State, 779 So.2d 604, 605 (Fla. 2d DCA 2001). To obtain withdrawal, a defendant must establish "good cause" by showing that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances that affect the defendant's rights, but a defendant also may obtain relief in the interest of justice on a lesser showing at the court's discretion. See Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). The rule allows a defendant time to reflect on the plea, and its consequences, and determine whether a plea is in his best interests.
On the other hand, in the interest of finality, once a sentence is imposed a defendant seeking to withdraw a plea bears a much heavier burden. Rule 3.170(l), which governs withdrawal of a plea after sentencing, both limits the grounds on which such motion may be made and requires the defendant to demonstrate a manifest injustice. See Lopez v. State, 536 So.2d 226, 229 (Fla.1988); Williams v. State, 316 So.2d 267, 274 (Fla.1975); Fla. R.Crim. P. 3.170(l); Fla. R.App. P. 9.140(b).
The problem arises when, as often happens, a defendant is sentenced immediately after the plea. In such cases, the "right of reflection" under rule 3.170(f) is illusory. The right is snatched away almost immediately after it is given. On the other hand, in some cases many days, or weeks, may pass between the date of the plea and the sentence. Thus, whether a defendant retains the right of reflection, as the rule allows, depends on the rather arbitrary circumstance of whether the particular judge decides to sentence immediately or wait until another day. In this case, Partlow was sentenced immediately after he entered his plea. Although only about twenty days elapsed between the plea and his motion to withdraw it, he still had to *1045 demonstrate manifest injustice. Had Partlow been able to file his motion before he was sentenced, I believe his motion could have demonstrated good cause to withdraw the plea, or at least sufficient circumstances to justify the judge, in his discretion, permitting him to do so.
While I do not suggest that a time certain be required between a defendant's entering a plea and imposition of the sentence, I would recommend that The Florida Bar's Criminal Procedure Rules Committee study rule 3.170 and consider whether the rule should be amended to provide a time certain within which a defendant could seek to withdraw a plea under subdivision (f) even after a sentence. Such an amendment would guarantee that the right in rule 3.170(f) to seek to withdraw a plea for good cause is not immediately rendered moot. It would also assure that whether a defendant retains the right of reflection after a plea would not depend on the fortuity of the particular judge's scheduling habits.
In addition, I would recommend that The Florida Bar's Criminal Procedure Rules Committee also consider whether to recommend that rule 3.172 be amended to require courts, before accepting a plea, to inform defendants whenever the sexual offender registration requirement applies. Just as we amended the rule after State v. Ginebra, 511 So.2d 960, 961 (Fla.1987), to require that defendants be informed of potential deportation proceedings, the sexual offender registration requirement is an important enough consequence, even if collateral, to justify informing a defendant of its existence. A defendant's constitutional right to a jury trial is sacrosanct. See art. I, § 22, Fla. Const. ("The right of trial by jury shall be secure to all and remain inviolate."); State v. Griffith, 561 So.2d 528, 530 (Fla.1990) (stating that right of trial by jury is "indisputably one of the most basic rights guaranteed by our constitution"); Fischer v. State, 429 So.2d 1309, 1311 (Fla. 1st DCA) ("The right to trial by jury is, of course, one of the most sacred and fundamental rights of our legal system."), review denied, 438 So.2d 834 (Fla.1983). The rules should require that before a defendant waives that important right, the defendant be informed of all important consequences, whether direct or collateral.
PARIENTE, J., dissenting.
I dissent because in my opinion the sexual offender registration requirement is a "direct" rather than a "collateral" consequence of a plea of guilty or nolo contendere, and because I agree with the Fourth District's conclusion that a plea entered in ignorance of this consequence may not "be thought sufficiently informedand therefore genuinely voluntarythat a trial judge could rightfully refuse to allow it to be withdrawn so soon after the plea was made." Partlow v. State, 813 So.2d 999, 1000 (Fla. 4th DCA 2002) (footnote omitted).
In Major v. State, 814 So.2d 424, 431 (Fla.2002), we defined direct consequences as those having a "definite, immediate and largely automatic effect on the range of the defendant's punishment." The sexual offender registration requirement of section 943.0435, Florida Statutes, fits within this definition. Section 943.0435(2)(a) requires the offender to report to the sheriff's office within fortyeight hours of release from custody; subsection (3)(a) requires registration at the Department of Highway Safety and Motor Vehicles within forty-eight hours after registration with the sheriff; and subsection (9) makes the failure to comply with these requirements a third-degree felony. Applying the Major criteria, the registration requirement is "definite" in that it is *1046 not conditional or contingent on any other event, "immediate" in that its requirements commence within forty-eight hours of release from custody, and has a "largely automatic effect on the range of punishment" in that failure to comply subjects the offender to arrest and prosecution for a third-degree felony. The registration requirement is applicable indefinitely and continues throughout the offender's lifetime to require reporting within forty-eight hours of any change in residence, employment, or status.
In distinguishing direct from collateral consequences, I do not interpret Major as requiring that a direct consequence of a plea entail an automatic criminal penalty. In Major, 814 So.2d at 429-31, we adopted the less restrictive definition of what constitutes a direct consequence of a plea from the Fourth District's opinion in Daniels v. State, 716 So.2d 827 (Fla. 4th DCA 1998). In Daniels, the Fourth District, utilizing the definition of a direct consequence of the plea we later adopted in Major, held that a defendant was entitled to withdraw a nolo contendere plea entered without the defendant first being informed of the license revocation. The Fourth District concluded that the revocation was definite, immediate, and automatic upon conviction, that it was a consequence of the plea, and that it was a "penalty" as contemplated by Florida Rule of Criminal Procedure 3.172(c)(1). See Daniels, 716 So.2d at 828-29.
Each of these observations in Daniels applies to the sexual offender registration requirement at issue here. Contrary to the majority's conclusion that the mandatory lifelong registration coerced by the threat of criminal prosecution for noncompliance is not a "punishment," I conclude that it is no less a penalty or punishment terms that are synonymous in this contextthan the revocation of one's driving privileges held to be a direct consequence of a plea in Daniels.[4] As stated by the Fourth District, "if the ... decision denying permission to withdraw the plea were correct, Florida law would be understood to require withdrawal when the unadvised consequence was the 2 year loss of a driver's license but not when the unadvised consequence was the lifelong imposition of sexual offender registration." Partlow, 813 So.2d at 1000.
Additionally, the mandatory nature of the reporting requirement distinguishes this consequence from the potential for future habitualization, deportation, or commitment under the Jimmy Ryce Act, consequences that have been held collateral. See Major, 814 So.2d at 431 (habitualization); State v. Ginebra, 511 So.2d 960 (Fla. 1987) (deportation); Watrous v. State, 793 So.2d 6 (Fla. 2d DCA 2001) (post-sentence civil commitment under Jimmy Ryce Act). Further, as I stated in my concurring-inresult-only opinion in Major, "I do not agree ... that the issue of what should be included in a plea colloquy should be resolved based on a rigid definition of direct versus collateral consequences." 814 So.2d at 431.
Moreover, the decisions finding offender registration to be collateral consequences of a plea largely rely on Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996). See, e.g., State v. Stapleton, 764 So.2d 886 (Fla. 4th DCA 2000);[5]Oce v. State, 742 So.2d 464 (Fla. 3d DCA 1999); LaMonica v. *1047 State, 732 So.2d 1175 (Fla. 4th DCA 1999). The court in Benitez held in a very brief opinion that the sexual predator designation and registration were collateral to a plea, citing to State v. Will, 645 So.2d 91, 94-95 (Fla. 3d DCA 1994), and Polk v. State, 405 So.2d 758, 761-62 (Fla. 3d DCA 1981). Will concerned retroactivity of the decision in Ashley v. State, 614 So.2d 486 (Fla.1993), requiring that a defendant be advised as part of a plea colloquy that a habitual offender sentence may render him ineligible for early release. The court in Polk held that the failure to advise a defendant that as a convicted felon he would not be allowed to possess a firearm did not render the plea involuntary. Neither Will nor Polk required an affirmative act by the offender as a direct consequence of the plea. Therefore, I do not believe that the Third District in Benitez adequately distinguished the reporting requirement from sexual predator designation. Benitez and the precedent relying on it have very little precedential value for the proposition that a reporting requirement is collateral to the plea.
The decisions finding the reporting requirement to be collateral preceded this Court's statement in Major that a direct consequence has a "definite, immediate, and largely automatic effect on the range of the defendant's punishment." For these reasons, I believe that the failure to advise a defendant of the sexual offender reporting requirements of section 943.0435 may render a plea involuntary and thus subject to withdrawal under rule 3.170(l). I would approve the result below, on grounds that failure to advise of the registration and reporting requirement undermines the voluntariness of the plea because the requirement is a direct rather than a collateral consequence.
I agree with Justice Cantero that this case illustrates the advisability of several rule amendments. To an even greater degree than the prospect of deportation, on which a defendant must now be advised under rule 3.172(c)(8), a defendant should be informed of the registration and reporting requirement in section 943.0435 at the time of the plea. The proposed amendment to Florida Rule of Criminal Procedure 3.172 suggested by Justice Cantero in his separate concurrence would resolve this inequality. I also agree with his recommendation that consideration be given to an amendment of rule 3.170 that will permit a defendant to seek withdrawal of a plea after sentencing for "good cause" for a defined period of time, independent of the narrow criteria of rule 3.170(l). See, e.g., Roesch v. State, 819 So.2d 862, 863 (Fla. 1st DCA 2002) (none of grounds raised in defendant's rule 3.170(l) motion were cognizable under rule).
In this case, however, even under our current rules, I would allow the defendant to withdraw his plea pursuant to a motion filed only twenty days after the nolo contendere plea and imposition of sentence, on grounds that the defendant was ignorant of the serious and direct consequence of the sexual offender registration requirement when he entered the plea.
ANSTEAD, C.J., and SHAW, Senior Justice, concur.
NOTES
[1] Rule 3.170(l) erroneously cites to rule 9.140(b)(2)(B)(i)-(v). The appellate rule was renumbered effective January 1, 2001; the citation should now be to rule 9.140(b)(2)(A)(ii) a-e. See Amendments to Florida Rules of Appellate Procedure, 780 So.2d 834, 863 (Fla.2000).
[2] Florida Rule of Criminal Procedure 3.172(c) contains a list of items of which a trial judge must inform a defendant in determining the voluntariness of a plea.
[3] We note that respondent Partlow does not argue to the contrary.
[4] Partlow, relying on Daniels, does in fact argue that the sexual offender registration requirements are a direct consequence of the plea.
[5] In the decision below, the Fourth District relied on its prior statement in Stapleton that sexual offender registration is "merely a collateral effect." Partlow v. State, 813 So.2d 999, 1000 (Fla. 4th DCA 2002).