# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-0350
Lower Tribunal No. 2022-CF-000432
_____

DEAREK RANDY WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Vincent S. Chiu, Judge.

May 1, 2026

WOZNIAK, J.

Dearek Randy Williams entered a plea of nolo contendere to the offense of trafficking in 14 grams or more of fentanyl, in violation of sections 893.135(1)(c)4.a., and 893.135(1)(c)4.b.(II), Florida Statutes (2022), and was sentenced to fifteen years in the Department of Corrections as a mandatory minimum sentence. Based on his claim that he had entered his plea to the fifteen-year sentence upon misadvice of counsel, Williams unsuccessfully sought to withdraw his plea. On appeal, Williams argues that the trial court erred in denying his motion to

withdraw plea because trial counsel's misadvice created a manifest injustice that rendered his plea involuntary and necessitated withdrawal. We agree.

At the hearing on his motion to withdraw plea, Williams testified that he would not have entered the plea but for the misadvice of counsel. He provided uncontroverted testimony that his trial counsel had advised him to take the plea and that he could later appeal the sentence and "be out."[1] This misadvice of counsel, although recognized by the post-conviction court, was rejected as a basis for granting withdrawal of the plea because the court was unaware of any authority "that indicates that the defendant is entitled to sort of be told what is a meritorious and not meritorious appeal." It thus concluded that Williams's plea was voluntary and denied the motion. This was error.

Williams established that the affirmative misadvice of counsel misled him into accepting a fifteen-year plea offer, rendering his plea involuntary. *See State v. Partlow*, 840 So. 2d 1040, 1044 (Fla. 2003) (holding that "to obtain relief through a motion to withdraw a plea after sentencing under rule 3.170(*l*), a defendant must demonstrate a manifest injustice, such as involuntariness of the plea"); *see also Davis v. State*, 373 So. 3d 372 (Fla. 5th DCA 2023) (holding attorney's misadvice about gain time eligibility could render plea involuntary); *Walkup v. State*, 822 So.

---

[1] In fact, however, Williams had no right to appeal. Fla. R. App. P. 9.140(b)(2).

2

2d 524, 525 (Fla. 2d DCA 2002) (observing that, generally, affirmative misadvice of counsel provides basis to allow withdrawal of plea). Accordingly, we reverse the order denying Williams's motion to withdraw his plea and remand for further proceedings.

REVERSED and REMANDED for further proceedings.

MIZE and GANNAM, JJ., concur.

Paula C. Coffman, Orlando, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kurt T. Koehler, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED