732 So.2d 1175 (1999)
Dominick LaMONICA, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0164.
District Court of Appeal of Florida, Fourth District.
April 21, 1999.
*1176 Dominick LaMonica, West Palm Beach, pro se.
Robert A. Butterworth, Attorney General, Tallahassee and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Dominick LaMonica appeals the summary denial of his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. Because we find that his allegations were sufficient to require an evidentiary hearing, we reverse.
LaMonica was charged with one count capital sexual battery and one count lewd assault. He entered a plea of no contest to the lewd conduct count, and received a sentence that required him to serve only a brief period of incarceration beyond the time he had already spent in county jail awaiting trial. He now claims that his plea was involuntary because he did not know that he would be subject to the reporting requirements of the 1997 Sexual Offender Act, section 943.0435, Florida Statutes. He says that if he had known, he would have insisted on going to trial.
The trial court was correct in finding that the reporting requirement was a collateral consequence which did not have to be disclosed before the plea was accepted. See Benitez v. State, 667 So.2d 476 (Fla. 3d DCA 1996). However, LaMonica's motion related a statement by his counsel that could be construed as affirmative misinformation about the consequences of his plea. An evidentiary hearing is required to resolve that issue.
We note that LaMonica might not have been in custody when he filed his motion. If so, on remand the trial court should treat his rule 3.850 motion as a petition for writ of error coram nobis.
POLEN, FARMER and KLEIN, JJ., concur.