928 So.2d 1193 (2006)
STATE of Florida, Petitioner,
v.
Herbert DICKEY, Respondent.
No. SC05-516.
Supreme Court of Florida.
April 20, 2006.
*1194 Charles J. Crist, Jr., Attorney General, Robert R. Wheeler, Bureau Chief Criminal Appeals, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, FL, for Petitioner.
Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Respondent.
PER CURIAM.
We review the First District Court of Appeal's decision in Dickey v. State, 30 Fla. L. Weekly D443 (Fla. 1st DCA Feb.15, 2005), which certified the following question to be of great public importance:
WHETHER ALLEGATIONS OF AFFIRMATIVE MISADVICE BY TRIAL COUNSEL ON THE SENTENCE-ENHANCING CONSEQUENCES OF A DEFENDANT'S PLEA FOR FUTURE CRIMINAL BEHAVIOR IN AN OTHERWISE FACIALLY SUFFICIENT MOTION ARE COGNIZABLE AS AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM?
We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the question in the negative. As explained below, we hold that such claims are insufficient to meet both prongs of the test for alleging the ineffective assistance of counsel established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*1195 I. FACTS
In February 1996, Herbert Dickey pled no contest to charges of criminal mischief and failure to appear, both third-degree felonies with statutory, five-year maximum sentences. See §§ 806.13(1)(b)(3), 843.15, Fla. Stat. (1995). After determining that the plea was voluntarily entered, the court accepted it and, pursuant to a plea agreement on the criminal mischief charge, withheld adjudication and sentenced Dickey to two years' probation, which would terminate early upon Dickey's paying restitution.[1] On the failure-to-appear charge, the court also withheld adjudication and sentenced Dickey to a concurrent two-year probationary term.
In May 2001, Dickey, then a prisoner in Alabama, filed in a Florida circuit court a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He raised four grounds for relief, only one of which is pertinent here. Dickey alleged that his Alabama sentence was enhanced based on his prior Florida conviction. He claimed that his defense counsel in 1996 told him that his conviction "could not be used to enhance any future sentence" and that he "would not have pled guilty otherwise."[2]
The circuit court found Dickey's ineffective assistance claim was timely filed because Dickey based it on newly discovered evidence, i.e., Alabama's use of the Florida conviction to enhance his sentence. 30 Fla. L. Weekly at D443.[3] The court summarily denied Dickey's motion, however, specifically finding that the misadvice claim regarding sentence-enhancement was not actionable. The court applied Bates v. State, 818 So.2d 626 (Fla. 1st DCA 2002), a decision we have since quashed on other grounds. See Bates v. State, 887 So.2d 1214, 1218 (Fla.2004). Below we first explain the conflict in the district courts over ineffective assistance claims such as Dickey's and then answer the certified question.

II. THE MISADVICE ISSUE IN THE DISTRICT COURTS
We have stated that defense counsel and the court have a duty to inform a defendant of the direct consequences of a plea. State v. Ginebra, 511 So.2d 960, 960-61 (Fla.1987), superseded by In re Amendments to Fla. Rules of Crim. Pro., 536 So.2d 992 (Fla.1988), as recognized in State v. DeAbreu, 613 So.2d 453 (Fla.1993). However, in Major v. State, 814 So.2d 424, 426-27 (Fla.2002), we reiterated that the law does not require a defendant to be informed of collateral consequences and determined that the potential for sentence enhancement for a future crime is just such a collateral consequence. Thus, we held, in answer to a certified question, that "neither the trial court nor counsel has a duty to advise a defendant that the defendant's plea in a pending case may have *1196 sentence enhancing consequences on a sentence imposed for a crime committed in the future." Id. at 431.
With that question resolved, all five district courts of appeal began grappling with the question of whether a defense counsel's providing wrong advice about this collateral effect constitutes ineffective assistance of counsel. Three courtsthe Second, Third, and Fifthhave held that defense counsel's providing erroneous advice about the potential for use of a conviction to enhance the sentence for a future crime does not constitute ineffective assistance of counsel or render a plea involuntary. See Stansel v. State, 825 So.2d 1007, 1009-10 (Fla. 2d DCA 2002) ("Even in cases where defense counsel mistakenly informs the defendant that his guilty plea cannot be used to enhance a subsequent sentence, we believe public policy demands that the defendant bear the consequences of his decision to commit future crimes."); Scott v. State, 813 So.2d 1025, 1026 (Fla. 3d DCA 2002) ("A defendant is not entitled to relief where he has been given affirmative misadvice regarding the possible sentence-enhancing consequences of a plea in the event that the defendant commits a new crime in the future."); McKowen v. State, 831 So.2d 794, 796 (Fla. 5th DCA 2002) (concluding "that a defendant is not entitled to receive postconviction relief based on a claim that he relied on the misadvice of counsel that his plea would have no adverse sentencing effect should he decide to commit future crimes"). The Fourth District Court of Appeal, however, has held that this affirmative misadvice claim is a valid ineffective assistance claim on which relief may be granted. See Smith v. State, 829 So.2d 940, 941 (Fla. 4th DCA 2002) (citing cases).
Finally, the First District originally aligned itself with the Second, Third, and Fifth Districts. See Bates, 818 So.2d at 630-631. In Bates, the district court also certified the question presented here. On review, we quashed the decision on other grounds, finding that Bates's petition for writ of error coram nobis was untimely and therefore procedurally barred. 887 So.2d at 1215.
In the case under review, the First District again considered the issue, and now reached the opposite conclusion. See Dickey, 30 Fla. L. Weekly at D444. The court held "that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are cognizable as an ineffective assistance of counsel claim." Id. Thus, the First District agreed with the Fourth District, certified conflict with the other district courts, and also certified the question to this Court. Id. at D444, D446. We now answer the certified question.

III. STRICKLAND AND THE CERTIFIED QUESTION
In Strickland, the Supreme Court created a two-pronged test for determining whether defense counsel provided constitutionally deficient assistance to a defendant. 466 U.S. 687, 104 S.Ct. 2052. First, the defendant must establish specific acts or omissions of counsel that were "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, the defendant must demonstrate prejudice that is, the defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper *1197 functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S.Ct. 2052.
Subsequently, in Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Court applied the Strickland test to claims of ineffective assistance in pleading guilty to a crime. The Court modified the prejudice requirement, stating that in plea cases the issue is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59, 106 S.Ct. 366.
In his postconviction motion, Dickey alleged that his counsel in 1996 was constitutionally ineffective because he erroneously advised Dickey that the conviction resulting from his plea could not be used to enhance the sentence for any future crime. The conviction, however, was used to enhance his Alabama sentence on a crime he later committed. Dickey declared that his 1996 plea was thus involuntary because he would not have pled guilty had he been correctly apprised about this issue. When such allegations are not conclusively rebutted by the record, we must accept them as true. See Freeman v. State, 761 So.2d 1055, 1061 (Fla.2000).
As noted above, we have previously held that counsel has no duty to advise a defendant of the potential sentence-enhancing effects a conviction may have on the sentence for a crime committed in the future. Major, 814 So.2d at 431. We reasoned that defendants are not entitled to advice about the collateral consequences of their pleas in a pending case. In this case, Dickey has alleged that counsel erroneously advised him regarding a collateral effect. Thus, we are squarely confronted with this question: whether a defendant's claim that counsel affirmatively misadvised him that his conviction could not be used to enhance the sentence for a future crime and that absent this erroneous advice he would not have pled guilty or nolo contendere but would have gone to trial facially meets the requirements of Strickland.[4]
Although we did not decide this question in Bates, 887 So.2d at 1215, several members of the Court addressed it in concurring opinions, analyzing the claim under Strickland. In an opinion in which Justice Lewis concurred, Justice Wells concluded that, assuming the misadvice regarding the enhancement potential of a conviction on a sentence for a future crime was deemed deficient performance under Strickland, the claim failed the second prong of the ineffective assistance test. Id. at 1220 (Wells, J., concurring specially). He reasoned the "cause of prejudice to [the defendant] is the separate and independent new crime for which he was convicted after the plea was entered." Id. The defendant thus could not plead and prove prejudice. Id.
In a separate concurring opinion, Justice Cantero also concluded that such allegations are not cognizable as claims of ineffective assistance of counsel. Id. at 1221 (Cantero, J., specially concurring). Justice Cantero reasoned that "[a]ny wrong advice about a current conviction's potential effect on the conviction or sentence for a future crime is irrelevant to the plea and sentence on which counsel is advising and *1198 cannot constitute ineffective assistance of counsel in the case at issue." Id.
These differing opinions are encompassed in our decision here. Having fully considered the issue, we answer the certified question in the negative. We conclude that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim. A majority of this Court concludes that claims that a defendant entered a plea based on wrong advice about a potential sentence enhancement for a future crime fail to meet the Strickland test, either because such claims do not demonstrate deficient performance in the case at issue or because, as a matter of law, any deficient performance could not have prejudiced the defendant in that case. Therefore, we hold that wrong advice about the consequences for a crime not yet committed cannot constitute ineffective assistance of counsel.

IV. CONCLUSION
We hold that a claim that counsel affirmatively misadvised a defendant about the collateral effect of future sentence-enhancing potential does not meet Strickland's requirements for a valid claim of ineffective assistance of counsel. Accordingly, we answer the certified question in the negative and quash the district court's decision.
It is so ordered.
WELLS, LEWIS, CANTERO and BELL, JJ., concur.
CANTERO, J., concurs with an opinion.
PARIENTE, C.J., dissents with an opinion, in which ANSTEAD and QUINCE, JJ., concur.
CANTERO, J., concurring.
I concur in the majority's decision to answer "no" to the certified question and its holding that defense counsel's erroneous advice about the possible effects of a plea on potential sentences for future crimes does not constitute ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As the majority explains, to be facially sufficient, a defendant's claim that counsel provided ineffective assistance must satisfy two requirements. The defendant must allege that counsel committed a specific error sufficiently egregious as to fall outside the range of reasonably competent performance (known as the deficient performance prong), and that, but for this serious error, there is a reasonable probability the outcome of the proceeding would have been different (known as the prejudice prong). Id. at 687, 694, 104 S.Ct. 2052. When a defendant's allegations satisfy both requirements, and they are not clearly rebutted by the record, the trial court must hold an evidentiary hearing. Failure to establish either prong defeats the claim.
Because the Court is divided on that issue, the majority does not specify which of Strickland's two prongs Dickey fails to satisfy. In Bates v. State, 887 So.2d 1214 (Fla.2004), where we were presented with essentially the same certified question, we declined to answer it, disposing of the case on other grounds. In a specially concurring opinion, however, I concluded that Bates's claim did not state a cognizable claim of ineffective assistance of counsel because he failed, as a matter of law, to satisfy the deficient performance prong. Id. at 1221. For the reasons stated in that opinion, and reiterated below, I find that Dickey's allegations satisfy the prejudice prong of Strickland, but that such wrong *1199 advice about the consequences of potential future crimes cannot constitute deficient performance in the case in which the defendant is pleading guilty.

A. Guilty Pleas and the Prejudice Prong of Ineffective Assistance Claims
In Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the United States Supreme Court applied the Strickland test to ineffective assistance claims related to guilty pleas. As to such claims, the Court held that the defendant must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366. We recently applied Hill in a murder case where the defendant claimed that her attorney failed to inform her about an involuntary intoxication defense. See Grosvenor v. State, 874 So.2d 1176 (Fla.), cert. denied, 543 U.S. 1000, 125 S.Ct. 627, 160 L.Ed.2d 458 (2004). We concluded that "the proper interpretation of Hill is to follow its express language." Id. at 1181. That is, to meet the prejudice prong, a defendant challenging a guilty plea based on ineffective assistance of counsel does not have to allege ultimate success at trial; only that the defendant would not have pled guilty. Id. Thus, in Bates, I concluded that a defendant's claim that "he would not have pled guilty but for counsel's wrong advice and would have gone to trial" was sufficient to allege prejudicesubject, of course, to proof at an evidentiary hearing. Bates, 887 So.2d at 1222.[5]
In this case, Dickey pled no contest to two third-degree felony charges. Several years later, he filed a postconviction motion attacking the voluntariness of that plea. He alleged: that his sentence in Alabama had been enhanced based on his earlier Florida conviction; that at the time of his prior plea his counsel had erroneously advised him that the Florida conviction could not be used to enhance a sentence for a future crime; and that he would not have pled guilty had he been correctly advised. This "but-for" claim is precisely what is required under the Supreme Court's decision in Hill and our own analysis in Grosvenor. Thus, Dickey has adequately alleged prejudice for purposes of Strickland. But another obstacle remains.

B. Deficient Performance in Advising about the Consequences of Future, Uncommitted Crimes
Although Dickey has adequately alleged prejudice under Strickland, I conclude that, as a matter of law, he has not stated a facially valid claim that his counsel performed deficiently, which is the first prong of Strickland. The First District essentially concluded that whenever defense counsel gives a wrong answer to a defendant's hypothetical legal question about a guilty plea, the defendant has stated a facially sufficient claim of ineffective assistance as long as he also alleges that but for the wrong advice he would not have pled guilty. Dickey, 30 Fla. L. Weekly at D445. *1200 The court stated that failing to recognize such a claim would constitute disapproval of a defendant's thought process (his intent to commit, or at least reflection about, future crimes). Id. I disagree. Regardless of a defendant's intent to commit another crime, any erroneous advice about the potential enhancement for sentences on a crime yet to be committed is irrelevant to the plea and sentence at hand. As I said in Bates, "Bates never would have been sentenced as a habitual offender had he not decided to commit another felony. His counsel's advice, wrong though it was, would not have affected him at all." 887 So.2d at 1223.
We have held that defense counsel has no duty to advise defendants about a plea's collateral consequences, and therefore failure to do so does not constitute ineffective assistance. See Major v. State, 814 So.2d 424, 426-27 (Fla.2002). It is nevertheless true that in certain cases involving particular collateral consequences, when counsel have chosen to give such advice, courts have recognized claims of ineffective assistance when it was erroneous. See, e.g., State v. Leroux, 689 So.2d 235, 238 (Fla. 1996) (reversing for evidentiary hearing on claim that counsel wrongly advised defendant about the actual amount of time to be served on a negotiated sentence); Joyner v. State, 795 So.2d 267, 268 (Fla. 1st DCA 2001) (reversing where the defendant alleged that counsel wrongly advised him that he would not lose his right to vote because of a youthful offender conviction). I do not quarrel with those decisions. Not every instance of erroneous advice about the collateral consequences of a guilty plea, however, will constitute error "so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. In Bates I explained that
a fundamental difference exists between incorrect advice about collateral consequences of a plea such as deportation and loss of employment and incorrect advice about future crimes. In the former cases, the consequences, while collateral to the conviction, are immediate, result directly from the plea at issue, and occur regardless of the defendant's future conduct. When the consequence is a sentence enhancement for a future crime, however, it is contingent on the commission of another felony, which may never occur. It is the defendant's decision to commit another felony, not the wrong advice, that produces the enhanced sentence.
887 So.2d at 1223. Unlike other collateral consequences of a plea, such as deportation, the future enhancement of a sentence based on a crime not yet committed does not necessarily follow upon conviction for the present crime. It may not follow at all. It is only a potential effect, and it is contingent solely on the defendant's own decision to commit another crimenot on any misstatements by defense counsel.
In Hill, the Supreme Court emphasized the importance of the "fundamental interest in the finality of guilty pleas," 474 U.S. at 58, 106 S.Ct. 366, and cautioned courts about setting aside guilty pleas based on new grounds by citing its opinion in United States v. Timmreck, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), as follows:
"Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result *1201 from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea."
Id. at 784, 99 S.Ct. 2085 (quoting United States v. Smith, 440 F.2d 521, 528-529 (7th Cir.1971) (Stevens, J., dissenting)); see also Witt v. State, 387 So.2d 922, 925 (Fla. 1980) ("The reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system of justice."). Thus, courts do not lightly recognize new grounds for postconviction relief.

C. Conclusion
In recognizing and delineating the boundaries of new grounds for postconviction relief, courts must carefully consider the effects of their decisions on the administration of justice. The potential that a plea in a pending case will serve as basis for enhancing a future sentence for a crime not yet committed is not only irrelevant to the pending plea and sentence and their direct and immediate collateral effects, but also completely contingent upon a future illegal act of the defendant. Accordingly, erroneous advice about the consequences of such a crime does not constitute deficient performance and is not cognizable as a claim for ineffective assistance of counsel.
PARIENTE, C.J., dissenting.
I respectfully dissent. Because affirmative misadvice of counsel on future sentence-enhancing consequences may weigh heavily in a defendant's decision whether to accept a plea, we should not exempt this consideration from an assessment of the defendant's reliance on counsel's misconduct under the tests set out in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and our recent opinion in Grosvenor v. State, 874 So.2d 1176 (Fla. 2004). I believe that an allegation that the defendant would not have pled guilty or nolo contendere if not misadvised by counsel sets forth a legally cognizable claim of prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For this reason, Dickey should receive an evidentiary hearing on his claim that counsel gave prejudicially deficient advice that misled Dickey into pleading no contest in 1996 to felony criminal mischief.
In distinguishing the claim of affirmative misadvice on future sentence-enhancing consequences from other legally cognizable claims of misadvice, the majority and concurring opinions focus on the fact that the alleged misadvice pertains to a crime not yet committed. This focus is misplaced because the pertinent inquiry in determining prejudice from ineffective assistance of counsel relating to a guilty plea is whether counsel's deficient performance misled the defendant into giving up the constitutional right to a jury trial. The United States Supreme Court has made this clear in Hill, in which it held that to prevail on an ineffective assistance claim relating to a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. at 59, 106 S.Ct. 366. In Grosvenor, this Court applied Hill to a claim that counsel was ineffective in failing to advise a defendant of an available defense. See 874 So.2d at 1181.
Creating a distinction between misadvice about the future sentence-enhancing consequences of a plea and other collateral consequences improperly shifts the focus away from whether the misadvice led the defendant to accept a plea. See Bates v. State, 887 So.2d 1214, 1219 (Fla.2004) (Pariente, C.J., concurring specially). As I noted in Bates, Judge Blue has succinctly *1202 summarized the correct analysis for misadvice claims:
Without oversimplifying matters, a person charged with a crime is constitutionally entitled to a trial by jury. When entering a plea, the person waives this constitutional right. If the right is waived in reliance on the advice of a court-appointed attorney, and the attorney's advice is legally wrong, the defendant has received ineffective assistance of counsel.
Alexander v. State, 830 So.2d 899, 900 (Fla. 2d DCA 2002) (Blue, C.J., concurring), quoted in Bates, 887 So.2d at 1219 (Pariente, C.J., concurring specially).
No valid policy reason supports preclusion of postconviction relief for the type of misadvice alleged in this case. Judges Davis and Allen of the First District have accurately observed that the concern that giving advice on the possible effect of a plea on a future sentence will somehow encourage future criminality does not withstand scrutiny. Writing for the majority in this case below, Judge Davis stated:
We are also unpersuaded by the argument that to afford relief on the present claim is to encourage recidivism. The logic of this assertion escapes us, as we cannot discern how telling an accused defendant that he will face harsher penalties if he commits another crime in the future can be construed as encouraging the defendant to go out and break the law again. On the contrary, it is our opinion that advising an accused that his plea and conviction cannot be used to enhance a future sentence is more likely to encourage recidivism.
Dickey v. State, 30 Fla. L. Weekly D443, D445-46 (Fla. 1st DCA Feb.15, 2005) (citations omitted). Judge Allen has stated, "I can easily understand how giving a defendant this information might discourage him from entering a plea, but I have difficulty understanding how it might encourage him to commit crimes in the future." Bates v. State, 818 So.2d 626, 632 (Fla. 1st DCA 2002) (Allen, C.J., concurring in part and dissenting in part), quashed, 887 So.2d 1214 (Fla.2004). In other words, we should encourage attorneys to ensure that defendants understand the increased punitive consequences of committing another crime.
Judges Davis and Allen have also observed that by precluding claims based on misadvice as to future sentence-enhancing consequences, in reality we are inappropriately scrutinizing and disapproving the defendant's thought processes in deciding whether to enter the plea. Dickey, 30 Fla. L. Weekly at D445; Bates, 818 So.2d at 632. Although it is always the hope that an offender's first felony sanction will be his or her last, recidivism is a fact of life in the criminal justice system. Consequently, criminal defendants are justifiably concerned about the effect of today's guilty plea on a sentence for a crime committed in the future. For some defendants this factor may be a crucial consideration in the decision to plead guilty or no contest.
In this case, Dickey claimed that he was misadvised that he was pleading to a misdemeanor rather than a felony. He asserted that because a felony has greater future sentence-enhancing consequences, he would not have entered the plea had he been properly advised. The record does not conclusively refute this claim. Although the trial court announced that the plea was to "felony criminal mischief," Dickey was not apprised that the maximum punishment was five years in prison. Further, a threshold of $1,000 in property damage is the only element dividing felony criminal mischief from the misdemeanor version, a lesser included offense. *1203 § 806.13(1)(b)(2), Fla. Stat. (2005). Dickey could easily have believed he was pleading to the misdemeanor offense.
The distinction between a felony and misdemeanor can lead to dramatically different consequences in this state if the offender commits another felony, even when adjudication is withheld. For example, assuming Dickey had a prior felony conviction, another third-degree felony committed during the time that Dickey was on probation based on his plea in this case could have doubled his potential prison sentence on the subsequent felony from five to ten years. See § 775.084(1)(a), (2), Fla. Stat. (1995).
Accordingly, when advising a defendant who inquires about the future consequences of a felony plea offer, competent Florida counsel should explain how the conviction or plea may subsequently be used against the defendant under section 775.084, which can greatly increase the maximum authorized sentence and trigger mandatory minimum terms for some convictions.[6] The sharp increase in potential sentence exposure under the several recidivist enhancement schemes in section 775.084 (habitual felony offender, habitual violent felony offender, three-time violent felony offender, violent career criminal) far exceeds the normal expectation "that a prior conviction for a crime may cause [a defendant] to be punished more harshly than a first-time offender." Stansel v. State, 825 So.2d 1007, 1009 (Fla. 2d DCA 2002).
According to his postconviction motion, Dickey's no contest plea in Florida was used to enhance his sentence on a subsequent felony in Alabama. Dickey does not assert, and the First District did not hold, that he should have been advised of the potential for habitualization on a subsequent felony under Alabama law. As noted by the First District, counsel is not required to "familiarize him or herself with every habitualization statute throughout the land." Dickey, 30 Fla. L. Weekly at D446. Advice of the potential future sentence-enhancing consequences under section 775.084 would be sufficient warning to negate an ineffective assistance claim even if the plea is used to enhance a sentence imposed by another state or the federal government. If a defendant can establish that counsel failed to provide accurate information on the potential recidivist enhancement consequences under Florida law when asked for this information, and that the defendant would not have accepted the plea had counsel given correct advice, he or she should be entitled to withdraw the plea.
Dickey's motion contains a facially sufficient allegation of both deficient performance and prejudice. Accordingly, in this case, I would answer the certified question in the affirmative and approve the First District's conclusion that Dickey set forth a legally cognizable claim of ineffective assistance of counsel for misadvice of counsel on the collateral consequences of a plea.
ANSTEAD and QUINCE, JJ., concur.
NOTES
[1] The court terminated Dickey's probation five months later in June 1996, upon Dickey's payment of the full amount of restitution.
[2] As part of the allegation, Dickey claimed that counsel told him his crime was a misdemeanor. The district court did not discuss this part of the claim. We note, however, that the record shows that during the plea colloquy, the court asked Dickey if he wanted to enter a plea to "the charge of felony criminal mischief and failure to appear," and Dickey said he did.
[3] Because the State has not raised the issue, because it is beyond the question certified, and because we hold that Dickey is not entitled to relief on the merits, we need not decide whether the enhancement of Dickey's Alabama sentence based on the prior Florida conviction constitutes "newly discovered evidence" under Florida Rule of Criminal Procedure 3.850, so as to allow Dickey to file his motion more than two years after his Florida conviction.
[4] We recognize that a determination that the claim facially meets the requirements of Strickland would not necessarily entitle the defendant to withdraw his plea. Rather, the circuit court would be required to hold an evidentiary hearing on the claim.
[5] In Grosvenor, we explained that at the evidentiary hearing, the trial court would determine, among other things, the credibility of the defendant's assertion that if given advice about a voluntary intoxication defense, she would have foregone a guilty plea and elected to go to trial. We noted that "in determining whether a reasonable probability exists that the defendant would have insisted on going to trial, a court should consider the totality of the circumstances surrounding the plea, including such factors as whether a particular defense was likely to succeed at trial, the colloquy between the defendant and the trial court at the time of the plea, and the difference between the sentence imposed under the plea and the maximum possible sentence the defendant faced at a trial." 874 So.2d at 1181-82.
[6] For offenses committed after the May 30, 1997, effective date of the Prison Releasee Reoffender Act, see ch. 97-239, Laws of Fla., counsel should also advise his or her client as to mandatory terms required on sentences for subsequent felonies under the Act, codified at section 775.082(9), Florida Statutes (2005).