933 So.2d 1203 (2006)
Terry L. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-530.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
*1204 Terrence E. Kehoe, of Law Offices of Terrence E. Kehoe, Orlando, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The defendant appeals the summary denial of his Rule 3.850 motion for post-conviction relief. The defendant asserts in his motion that his trial counsel misadvised the defendant about the consequences of his plea, which rendered his plea involuntary. In response, the State concedes that the defendant has presented a facially sufficient claim, and the trial court failed to attach sufficient portions of the record to refute the claim.
The defendant was charged in Lake County with felony DUI and pled nolo contendere to the lesser offense of driving under the influence.[1] The defendant was placed on one year of probation with statutorily required DUI conditions. The defendant did not appeal. The Department of Highway Safety and Motor Vehicles, Division of Driver Licenses ["Department"], subsequently permanently revoked the defendant's driver's license on the ground that the Lake County conviction was the defendant's fourth DUI conviction.
The defendant filed his Rule 3.850 motion, claiming ineffective assistance of trial counsel in misadvising the defendant that if he pled to the lesser offense of DUI, his license would only be suspended for one year.[2] The trial court summarily denied the defendant's motion.
There is a conflict among the district courts of appeal in this state over whether a revocation of a driver's license is a direct or collateral consequence of a criminal plea. The defendant acknowledges that this court has followed the First District in holding that a driver's license revocation is a collateral and not a direct consequence of a criminal plea. See Sullens v. State, 889 So.2d 912 (Fla. 5th DCA 2004), following State v. Bolware, 28 Fla. L. Weekly D2493, ___ So.2d ___, 2003 WL 22460271 (Fla. 1st DCA Oct. 31, 2003), review granted, 924 So.2d 806 (Fla.2006), and State v. Caswell, 28 Fla. L. Weekly D2492, ___ So.2d ___, 2003 WL 22460275 (Fla. 1st DCA Oct. 31, 2003), review pending, S.Ct. Case No. SC04-14. The defendant also acknowledges that Sullens is the law of this district. However, as acknowledged by the State, Sullens, Bolware and Caswell are distinguishable because in those cases, the defendants were not affirmatively misadvised.
The supreme court has held that post-conviction relief is not available when counsel misadvises a defendant that, if he *1205 enters a plea, his conviction cannot be used in the future to enhance a sentence for a subsequently committed offense. State v. Dickey, 928 So.2d 1193 (Fla.2006). Dickey does not apply here. That case involved collateral consequences dependent on the commission of new crimes by the defendant in the future. As in the Miralles case, where there is affirmative misadvice as to a material and immediate consequence of a plea, even if "collateral," the defendant has stated a facially sufficient claim based on that misadvice.
REVERSED and REMANDED.
GRIFFIN, ORFINGER and LAWSON, JJ., concur.
NOTES
[1] The defendant had changed his plea from not guilty to nolo contendere to the lesser offense of DUI based on a plea agreement. The defendant's written plea agreement reflected a twelve-month license suspension. His trial counsel stated in open court that the defendant would be facing a one-year license suspension, and the trial court reiterated that the defendant would be subject to a twelve-month license suspension. The court minutes also reflect a twelve-month license suspension as a special condition of probation.
[2] Claims that trial counsel misadvised defendants about collateral consequences of a plea have been considered in Rule 3.850 proceedings. See Miralles v. State, 837 So.2d 1083 (Fla. 4th DCA 2003) (defendant misadvised about collateral consequence of entering plea relating to the defendant's ability to obtain a future occupational license from the state). See also Wonderlick v. State, 651 So.2d 822 (Fla. 4th DCA 1995) (direct appeal affirmed without prejudice to file 3.850 motion where parties operated under misapprehension of the law as to revocation of defendant's driver's license).