960 So.2d 29 (2007)
Elroy PHILLIPS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1273.
District Court of Appeal of Florida, Fourth District.
May 23, 2007.
Rehearing Denied August 1, 2007.
*30 Elroy Phillips, Atlanta, GA, pro se.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Defendant Elroy Phillips appeals an order denying his Rule 3.850 motion for postconviction relief entered after an evidentiary hearing. We affirm.
The defendant entered a plea to felony charges in three separate cases filed in the Palm Beach County circuit court: burglary of a dwelling while armed; possession of cocaine; carrying a concealed firearm; possession of a firearm by a convicted felon, and possession of cocaine with intent to sell. He was adjudicated guilty and sentenced to eighteen months' probation in one case and concurrent one-year terms of probation in the others.
Subsequently, a federal grand jury indicted the defendant on various firearm and drug charges. He was eventually found guilty of those charges. At sentencing, the defendant's prior state convictions were used to enhance his federal sentence from twenty years to thirty years.
The defendant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He alleged that his counsel in the state criminal cases told him that his pleas to the charges were "pleas of convenience," and that they would never be used against him and would be expunged after completion of probation. Defendant claims that this misadvice caused him to enter into pleas without full knowledge of the consequences and that, had he known that counsel would not or could not expunge his record, he would not have entered the pleas.
The circuit court conducted an evidentiary hearing concerning the defendant's postconviction claim of ineffective assistance of counsel. After the hearing, the court denied the defendant's motion.
We affirm the trial court's denial of the defendant's motion for postconviction relief based on State v. Dickey, 928 So.2d 1193 (Fla. 2006). In Dickey, the Florida Supreme Court resolved conflicting opinions among the five district courts on the question of whether a defense counsel's wrong advice about the potential for sentence enhancement for a future crime constitutes ineffective assistance of counsel. The court "conclude[d] that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim." Id. at 1198.
Because the defendant's claim of ineffective assistance of counsel in this case is not cognizable, we affirm the trial court's order. We also affirm as to all other points raised in this appeal.
Affirmed.
WARNER and SHAHOOD, JJ., concur.