On Mandate from the Florida Supreme Court.

PER CURIAM.
The opinion of October 9, 2002, is withdrawn and the following is substituted therefor.
Theodore Williamson, also known as Theodore Jaworski, entered a guilty plea on February 11, 1993, in exchange for a time-served sentence and one year of probation. Thereafter, the State used this prior conviction to enhance a subsequent conviction sentenced on December 3, 1993. In March 2001, Williamson sought a writ of error coram nobis, claiming, in part, that his attorney affirmatively misadvised him of the future, collateral consequences of the February 1993 plea. In Jaworski v. State, 828 So.2d 1046 (Fla. 4th DCA 2002), quashed by State v. Williamson, 957 So.2d 558 (Fla.2007), we reversed and noted conflict as to this issue. The State sought review in the supreme court.
The supreme court recently granted relief to the State, quashed our ruling, and remanded for further consideration in light of Bates v. State, 887 So.2d 1214 (Fla.2004), and State v. Dickey, 928 So.2d 1193 (Fla.2006). See State v. Williamson, 957 So.2d 558 (Fla.2007). We recognize the claim of affirmative misadvice concerning the collateral consequences of the plea has no merit under Dickey, but we affirm the denial of the petition because it was untimely filed under Bates. Because Williamson was in custody from December 1993 until the time he filed his petition, he was required to comply with the two-year limitations period under rule 3.850. The petition, filed in 2001, was untimely under rule 3.850 and could not be considered as a petition for writ of error coram nobis.

Affirmed.

STEVENSON, C.J., FARMER and SHAHOOD, JJ., concur.