961 So.2d 362 (2007)
Anthony MURPHY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-399.
District Court of Appeal of Florida, Fourth District.
July 18, 2007.
Anthony Murphy, Miami, pro se.
Bill McCollum, Attorney General, Tallahassee, Donna M. Hoffmann and Diane F. Medley, Assistant Attorneys General, West Palm Beach, for appellee.

ON REMAND FROM THE FLORIDA SUPREME COURT
PER CURIAM.
Anthony Murphy sought review of the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In 2002, we reversed and remanded, relying on cases holding that affirmative misadvice, regarding even collateral consequences of a plea, may form the basis for withdrawing the plea. Murphy v. State, 820 So.2d 375 (Fla. 4th DCA 2002). At issue was Murphy's claim of misadvice that his 1984 plea could not be used as a basis for enhancing a sentence for a future crime.
At the time we decided Murphy, there was conflict among the districts on this point. See Murphy, 820 So.2d at 376. The Florida Supreme Court accepted review of Murphy in light of that conflict and stayed review of this case. After issuing related decisions in Bates v. State, 887 So.2d 1214 (Fla.2004), and State v. Dickey, 928 So.2d 1193 (Fla.2006), the supreme court quashed our decision and remanded for reconsideration in light of Dickey. See State v. Murphy, 957 So.2d 560 (Fla.2007).
In Dickey, the supreme court "conclude[d] that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim." Id. at 1198. Because Murphy's claim of ineffective assistance of counsel in this case is not cognizable, we affirm the trial court's order.
SHAHOOD, C.J., STONE and TAYLOR, JJ., concur.