LAGOA, Judge.
Appellant, Jorge Luis Tapanes (“Defendant”), appeals the trial court’s denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the trial court’s order.
In February of 2006, Defendant was arrested and charged with possession with intent to sell sixty-one live marijuana plants (count l).[1] Defendant pled nolo contendere as to count 1 and was sentenced to credit for time served.
Defendant was later charged in federal court with possession with intent to distribute fifty or more marijuana plants. This federal case was not pending at the time of Defendant’s 2006 state court conviction, and arose from a separate act committed by Defendant following his 2006 conviction. On August 24, 2007, following a jury trial in federal court, Defendant was convicted. During his 2008 federal sentencing, Defendant received an enhancement based on the 2006 state court conviction.
As a result of this enhancement in federal court, Defendant filed a Rule 3.850 motion alleging ineffective assistance of counsel in the state court proceeding. Defendant asserted that his March 2006 plea was involuntarily entered into as a result of defense counsel’s misadvice regarding the consequences of his plea. Defendant alleges that his counsel advised him that the nolo contendere plea could not be used against him in future prosecutions. Defendant further states that if his counsel had advised him that the plea to the state charge could later be used to enhance a future federal conviction, he would have foregone the plea and proceeded to trial. As such, Defendant alleges that his counsel provided affirmative misadvice as to the direct consequences of his plea.
In denying Defendant’s motion, the trial court concluded that “[p]ursuant to Hogan v. State, 931 So.2d 996 (Fla. 3d DCA 2006), [counsel’s] misadvice regarding the collateral future sentence-enhancing consequence of a plea is not a cognizable claim.” This appeal ensued.
We affirm the trial court’s denial of the Defendant’s post-conviction motion based on the authority of State v. Dickey, 928 So.2d 1193 (Fla.2006). In Dickey, as in this case, the issue involved allegedly incorrect advice about the sentence enhancing consequences of a crime not yet committed. The Florida Supreme Court in Dickey specifically held that “allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant’s plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim.” Id. at 1198.
Accordingly, because Defendant was not entitled to the relief sought, we affirm the trial court’s order.
Affirmed.

. At sentencing, the trial court dismissed count 2.