PER CURIAM.
Antonio Hall appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We reverse in part.
*1284 Hall entered a plea in August 2007. Within two months he moved to vacate the plea. One of his claims concerns counsel’s representation that if Hall pleaded, his record would be sealed or expunged. Hall alleges that after he entered into the plea he received a letter from counsel advising that due to the nature of the charges he was not eligible to have his record sealed. Hall alleges if properly advised, he would have proceeded to trial.
We reverse and remand for further review of this claim. See Marshall v. State, 983 So.2d 680 (Fla. 4th DCA 2008). In doing so, we note that this is not a case involving the use of the conviction to enhance a sentence, nor is it a situation where the movant waited for any adverse consequence associated with counsel’s alleged advice. See State v. Dickey, 928 So.2d 1193 (Fla.2006); Phillips v. State, 960 So.2d 29 (Fla. 4th DCA 2007).
Accordingly, the trial court’s order summarily denying the defendant’s claim for post-conviction relief is reversed as to this point, and the case is remanded for an evidentiary hearing thereon. We affirm the trial court’s summary denial of the other ground raised in defendant’s motion.

Affirmed in part, reversed in part, and remanded.

TAYLOR, CIKLIN and GERBER, JJ., concur.