Felix Manuel **HERNANDEZ,**
Appellant,

v.

**STATE of Florida, Appellee.**

No. 4D15–4045.

District Court of Appeal of Florida,
Fourth District.

Nov. 16, 2016.

Felipe Jaramillo of The Law Office of Felipe Jaramillo, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Felix Hernandez appeals the trial court's summary denial of his motion to withdraw his plea. Appellant contends the plea was involuntarily made. We hold that Appellant is entitled to an evidentiary hearing on his motion to withdraw, and remand to the trial court to conduct an evidentiary hearing to determine if Appellant's plea was involuntary.

**Background**

On August 26, 2015, pursuant to an agreement with the State, Appellant entered a no contest plea to three counts of lewd or lascivious molestation. The court sentenced Appellant to ten years of sex offender probation with GPS monitoring. At the time of the plea, Appellant was 73 years old and in poor health.

Less than one month after entering the plea, Appellant filed a motion to withdraw it. He contended that he "took the [plea] relying on affirmative misadvice from his lawyer pertaining to some of the collateral consequences of his plea." The purported "affirmative misadvice" relevant on appeal was Appellant's attorney telling him that, after taking the plea, he "would be allowed to reside with his family at his daughter's house located at [a specific address in Miramar, Florida]...." [1]

Appellant argued that, after being sentenced to the agreed-upon probation with sex offender status, he learned that, due to a Miramar city ordinance prohibiting sex offenders from residing within 2,500 feet of

---

1. Appellant also contended in his motion to withdraw his plea that he had been affirmatively misadvised regarding "being allowed to be around members of his own family who are minors." However, at the plea colloquy below, Appellant stated he clearly understood the condition forbidding this, and he has not raised it as an issue in the instant appeal.

schools or places where children may congregate, he would not be able to live at his daughter's residence at the specific address discussed with his attorney, as it falls within the 2,500-foot zone. Appellant claimed that, but for his attorney's misadvice regarding this collateral consequence, he would not have accepted the plea offer and would have proceeded to trial. Without holding an evidentiary hearing, the trial judge summarily denied Appellant's motion to withdraw his plea.

## Analysis

■ We review the trial court's summary denial of a motion to withdraw a plea after sentencing for abuse of discretion. *Hamil v. State*, 106 So.3d 495, 497 (Fla. 4th DCA 2013).

Under Florida Rule of Criminal Procedure 3.170(*l* ), "[a] defendant . . . may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law." Relevant here, Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(c) recognizes that an involuntary plea is a legal ground upon which a motion to withdraw a plea can be granted.

In analyzing whether a plea is involuntary, there is a distinction between a lawyer's *affirmative misadvice* to a client regarding collateral consequences of a plea and a lawyer's *failure to advise* a client regarding collateral consequences. The Florida Supreme Court has held that "failure to inform a defendant about a collateral consequence—one that does not have a

definite, immediate, and largely automatic effect on the range of the defendant's punishment—cannot render the plea involuntary." *State v. Partlow*, 840 So.2d 1040, 1043 (Fla.2003). However, the court has also suggested that there may be a difference between giving affirmative misadvice and failing to advise at all. See *State v. Sallato*, 519 So.2d 605, 606 (Fla.1988) (remanding for a determination on the legal ramifications of this distinction). When directly confronted with the issue, we and some of our sister District Courts of Appeal have held that affirmative misadvice regarding a collateral consequence may render the plea involuntary. *See Ghanavati v. State*, 820 So.2d 989, 991 (Fla. 4th DCA 2002) ("[I]t is well-settled that affirmative misadvice regarding even collateral consequences of a plea forms a basis for withdrawing the plea." (quoting *Watrous v. State*, 793 So.2d 6, 11 (Fla. 2d DCA 2001)); *see also Deck v. State*, 985 So.2d 1234, 1236 (Fla. 2d DCA 2008); *Marshall v. State*, 983 So.2d 680, 682 (Fla. 4th DCA 2008) (en banc); *Joyner v. State*, 795 So.2d 267, 268 (Fla. 1st DCA 2001).

As in *Partlow*, having to register as a sex offender was a collateral consequence of being placed on sex offender probation. *Partlow*, 840 So.2d at 1043. Appellant's motion deals with a purported secondary collateral consequence of the plea: that he cannot reside at his daughter's specific residence due to the sexual offender status imposed as part of the plea bargain.

■ In order to determine if a plea is involuntary, a trial court must conduct an evidentiary hearing.[2] See *Johnson v.*

---

**2.** This Court's jurisprudence also requires that a defendant suffer manifest injustice as a result of the plea. As we explained, "[w]here a motion to withdraw a plea is filed after sentencing, the defendant has the burden of proving that a manifest injustice has occurred and that withdrawal is necessary to correct

the manifest injustice." *Panchu v. State*, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009) (citing *Partlow*, 840 So.2d at 1042). However, the concepts of manifest injustice and involuntariness are intertwined. The Supreme Court of Florida explained: "a defendant must demonstrate a manifest injustice, *such as* involun-

*State*, 60 So.3d 1045, 1051 (Fla.2011) ("The adjudication of a claim that a plea was involuntary therefore requires an evidentiary hearing . . . ."). The purpose of the evidentiary hearing is for the defendant to "establish that *in fact* [the defendant] did not understand his legal rights or otherwise entered the plea involuntarily." *Id.* At the hearing, the judge may consider extra-record sources. *See id.* ("Extra-record sources—such as testimony given by counsel concerning discussions between counsel and the petitioner—are relevant to establishing the circumstances of the plea and whether it was voluntary.").

 However, before such an evidentiary hearing, the defendant must allege in his or her motion to withdraw a plea that the plea was involuntary, which may occur through an allegation that there was affirmative misadvice regarding a collateral consequence of the plea. No magic words are needed. The trial court must take "the allegations of the defendant's motion . . . as true" for purposes of determining if the defendant warrants an evidentiary hearing, "unless the record conclusively refutes the allegations." *Panchu v. State*, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009). Furthermore, the defendant must allege that the collateral consequence was material in the decision to accept the plea—that if the defendant knew about the collateral consequence beforehand, he or she would not have accepted the plea. *See Ghanavati*, 820 So.2d at 991.

 Appellant's motion to withdraw was facially sufficient because it suggested his plea was involuntary. Appellant alleged in his motion that his attorney affirmatively misadvised him regarding a material consequence of the plea—whether Appellant

could reside with his daughter at her residence. But for such misadvice, Appellant maintained that he would not have accepted the plea. Appellant, who at the time of the plea was 73 years old and in poor health, stated his daughter was his only caretaker. The record does not refute Appellant's allegations, thus they are assumed true for the purpose of determining whether the trial court should have granted an evidentiary hearing. Ultimately, on review, we conclude that the trial court should have granted such a hearing and permitted Appellant the opportunity to develop his argument that his plea was involuntary. *See Hall v. State*, 51 So.3d 1283, 1284 (Fla. 4th DCA 2011) (remanding for evidentiary hearing on basis of post-conviction claim that counsel misrepresented that if defendant accepted the plea, his record would be sealed or expunged); *Gunn v. State*, 841 So.2d 629, 631 (Fla. 2d DCA 2003) (holding defendant merited a hearing because his attorney possibly misadvised him regarding the collateral consequence of whether defendant would be labeled a sexual predator under the Sexual Predators Act); *LaMonica v. State*, 732 So.2d 1175, 1176 (Fla. 4th DCA 1999) (holding defendant merited a hearing because his attorney possibly misadvised him regarding the collateral consequence of whether defendant would be subject to the reporting requirements of the Sexual Offender Act).

### Conclusion

Because more evidence is necessary to determine if Appellant's attorney actually affirmatively misadvised him, thus causing

---

tariness of the plea." *Partlow*, 840 So.2d at 1044 (emphasis added). Recently, that court has used the terminology "manifest injustice or prejudice." *Campbell v. State*, 125 So.3d

733, 736 (Fla.2013). In this case, if Appellant's plea was involuntary, that is in itself a manifest injustice.

his plea to be involuntary,[3] Appellant is entitled to an evidentiary hearing on his motion to withdraw his plea. We therefore reverse the trial court's summary denial of the motion to withdraw and remand for an evidentiary hearing.

*Reversed and remanded.*

WARNER and LEVINE, JJ., concur.

3. Our review is focused only on whether Appellant was entitled to an evidentiary hearing, and thus we offer no opinion on whether Appellant will meet his evidentiary burden at the hearing below and in fact establish that his plea was involuntary.