IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH MICHAEL MOODY,

      Appellant,

 v.                                                                    Case No.  5D15-4380

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 10, 2017

Appeal from the Circuit Court
for Citrus County,
Richard A. Howard, Judge.

James S. Purdy, Public Defender, and
Kathryn Rollison Radtke, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Joseph Moody (the defendant) appeals the final order entered by the trial court

summarily denying, with prejudice, his motion to withdraw his nolo contendere plea.

Because the defendant was entitled to receive an evidentiary hearing on his motion, we

reverse.

The defendant was charged with three counts of sexual battery and one count of lewd or lascivious molestation. He engaged in discovery, and the State's notice of discovery stated that there was no Brady[1] evidence. The defendant entered a plea of nolo contendere to reduced charges: two counts of child abuse. The trial court entered judgment accordingly and then sentenced the defendant to consecutive terms of five years' probation.

The day after sentencing, the State filed a supplemental discovery document in the defendant's case. The document stated that the State had received Brady information in connection with a Citrus County Sheriff's Office investigation of a child abuse claim involving the victim and her stepmother. The stepmother was an identified State's witness in the defendant's case. The abuse call was received eight months earlier.

The defendant filed a motion to withdraw his plea, arguing that his plea was entered involuntarily because, had he known about the Brady evidence, he would not have entered a plea, but rather, he would have proceeded to trial. The motion included the following allegations:

> The sum and substance of the Brady evidence provided by the State after sentencing is that the Citrus County Sheriff's Office (CCSO) received information regarding child abuse committed by [the stepmother] upon the minor child who was the alleged victim in the instant case. The call was received by CCSO in February 2015 but not pursued until the day after sentencing. The Defense was told that this action was intentional on the part of CCSO as they knew it would to a lesser extent materially impact the trial testimony of [the stepmother] and to a greater extent materially impact the case against the Defendant in general. . . . Had the defense been provided with the Brady information in February 2015, investigation and discovery by the defense regarding this issue would have been explored in detail with all material

---

[1] See Brady v. Maryland, 373 U.S. 83 (1963).

2

witnesses beginning with the alleged minor child victim to and including law enforcement. The evidence that may have been obtained had CCSO properly and timely investigated the child abuse claim against [the stepmother] may have significantly impacted the defense's case in a positive way. In intentionally delaying an investigation into a material witness for the state alleged to have herself abused the alleged victim until after sentencing of the Defendant is clearly prejudicial to the Defendant and rises to the level of manifest injustice. . . . The Defendant has maintained his innocence throughout these and the dependency proceedings. The Defendant did not have the benefit of this evidence prior to entering his plea and had the Defendant been aware of this evidence, he would not have entered the plea, rather he would have proceeded to trial. Thus, the no contest plea the Defendant entered was not voluntary.

Upon review, the trial court entered an order summarily denying the motion, ruling that the "motion is facially insufficient in that he has failed to allege a legally cognizable reason for withdrawal of his plea." This appeal timely followed.

The defendant contends that the trial court reversibly erred in denying his motion to withdraw his plea without first conducting an evidentiary hearing thereon. We agree.

"The denial of a motion to withdraw plea is reviewed under the abuse of discretion standard." Griffin v. State, 114 So. 3d 890, 897 (Fla. 2013).

Here, the defendant's motion asserted that his plea had been entered involuntarily due to the State's alleged Brady violation, a recognized ground under Florida Rule of Criminal Procedure 9.140. See Newsome v. State, 877 So. 2d 938 (Fla. 2d DCA 2004) (holding that defendant's motion to withdraw his guilty plea was facially sufficient to warrant the grant of an evidentiary hearing, as his motion alleged that his plea had been involuntarily entered). Accordingly, the trial court erred in ruling that the defendant's motion was facially insufficient.

3

Additionally, because the defendant filed his motion after he had been sentenced, in seeking to withdraw his plea, he had the burden of proving that "a manifest injustice has occurred and that withdrawal is necessary to correct the manifest injustice." Panchu v. State, 1 So. 3d 1243, 1245 (Fla. 4th DCA 2009). The defendant sufficiently alleged his claim of manifest injustice so as to be entitled to receive an evidentiary hearing because our Supreme Court has held that the entry of an involuntary plea constitutes a manifest injustice. State v. Partlow, 840 So. 2d 1040, 1044 (Fla. 2003).

Lastly, the Supreme Court has held that the "adjudication of a claim that a plea was involuntary . . . requires an evidentiary hearing during which the trial court can consider evidence beyond the trial record that is relevant to whether the defendant adequately understood his legal rights and voluntarily entered the plea." Johnson v. State, 60 So. 3d 1045, 1051 (Fla. 2011); accord Hernandez v. State, 204 So. 3d 128, 131 (Fla. 4th DCA 2016). Accordingly, on remand, the trial court must conduct an evidentiary hearing before denying the defendant's motion.

The trial court's order denying the defendant's motion to withdraw his nolo contendere plea is reversed and this matter remanded for an evidentiary hearing.

REVERSED AND REMANDED.

PALMER, ORFINGER and WALLIS, JJ., concur.

4